BLUE, Chief Judge.
Thomas Bettcher and Brenda Bettcher, his wife, appeal the final summary judgment entered against them in their personal injury action arising from an automobile accident. We affirm the final judgment as to Thomas Bettcher because the trial court properly ruled that Mr. Bettcher had released all claims he may have had against Jason Walker Wadsworth. However, we reverse the summary judgment entered against Brenda Bettcher. She contends the terms of the release she signed, and which were agreed to by Mr. Wadsworth, operate as a waiver of the defenses raised by Mr. Wadsworth. This is a disputed *440 issue of material fact, and accordingly we reverse the summary judgment entered against Brenda Bettcher.
In October 1999, the Bettchers were involved in an automobile accident that they alleged resulted from Mr. Wads-worth’s negligence. In November they filed a pro se complaint in small claims court to recover the damages to the car in which they were riding at the time of the accident. They alleged that they lost the total value of their car and that Mr. Wads-worth’s insurance company was refusing to pay for their loss. In January 2000, the Bettchers signed a release for all claims arising from the accident. The release contained the following provision: ‘With respect to Brenda Bettcher’s claim this release is only for any derivative claims she would have involving her husband Thomas Bettcher.”
For reasons that are nowhere explained in the record, the small claims case proceeded to judgment in February 2000 after the release of all claims. After the release, Thomas Bettcher was dismissed from the small claims case, and Melissa Bettcher, the daughter of Thomas and Brenda, was added as party plaintiff as the titleholder of the vehicle. Judgment was entered in favor of Brenda and Melissa Bettcher for the value of the car.
The following year, the case before us was filed, claiming damages for personal injuries to Thomas and Brenda Bettcher. Mr. Wadsworth answered the complaint and asserted, among the affirmative defenses, release, res judicata, and improper splitting of causes of action. He moved for summary judgment based on the release and final judgment from the small claims case. The trial court entered a final summary judgment in favor of Mr. Wadsworth as to the claims of both Mr. and Mrs. Bettcher. We conclude that any claim Thomas Bettcher had for his personal injuries was extinguished by the release signed by the Bettchers, and the trial court properly granted summary judgment on the claims of Thomas.
The release did not, however, constitute a release of Brenda’s personal injury claims. Mr. Wadsworth contends the small claims case pursued to finality by Brenda extinguished her claims by operation of res judicata or in the alternative improper splitting of her cause of action. It is not clear upon which of these interrelated theories the trial court relied in granting the summary judgment against Brenda Bettcher, so our analysis must examine both.
Res judicata properly bars relit-igation of the same issues between the same parties. A corollary to this rule provides that issues that could have been raised in prior litigation should have been raised and, thus, are barred. This comes close to the rule against splitting a cause of action, which precludes successive claims arising from one wrongful act. See McKibben v. Zamora, 358 So.2d 866, 868 (Fla. 3d DCA 1978).
There is no question that Brenda Bettcher’s claims in this case arose from the alleged negligence of Mr. Wadsworth in the accident of October 6, 1999 — the same accident that resulted in the small claims judgment for property damage. In response to Mr. Wadsworth’s contention that this meets the criteria for the defenses of res judicata and improper splitting of a cause of action, Brenda Bettcher counters that the wording of the release that preserves her personal injury claims constitutes a waiver by Mr. Wadsworth of both defenses. We conclude that the question of waiver of Mr. Wadsworth’s defenses creates a disputed issue of fact that precludes summary judgment.
*441 The second contention concerning the Brenda Bettcher summary judgment merits discussion. Most personal injury claims in Florida arising from automobile accidents, as in this case, require that a plaintiff incur a permanent injury as a threshold to filing suit. Most cases require some period of time after the accident before permanency can be evaluated and suit filed. At the same time, damages to the motor vehicle occur simultaneously with the accident and are immediately ripe for resolution. The rule against splitting causes of action, if applied without exception, prevents an injured party from pursuing a property claim until personal injuries are evaluated. This could work an economic hardship on a significant number of citizens of this state suffering property damage and personal injury as the result of another driver’s negligence.[1]
The rule against splitting causes of action is based on the principle that defendants should not be harassed by multiple lawsuits when all claims arise from an alleged wrong that could be litigated in a single action. The rule rests on principles of fairness and equity. We are concerned that strict compliance with the rule in automobile accident litigation under today’s law fails to accomplish these principles of fairness and equity.
Although the facts differ, we find considerable support for our reversal in Rosenthal v. Scott, 150 So.2d 433, 438 (Fla.1961), wherein the court recognized the majority rule against splitting a cause of action and the exception to that rule when the ends of justice would be defeated.
Oft’times when an automobile accident results in property damage and personal injuries the ultimate extent of the personal injuries, as opposed to the amount of the property damages, may not be readily ascertainable. So long as the magnitude of the injuries to the person are known before the expiration of the statutory period within which a tort action may be begun the person whose property was damaged and who suffered personal injuries should be permitted to maintain a suit against the wrong-doer regardless of the fact that he may have, under the exigencies of the situation, settled with an insurance carrier the matter of property damages.
[[Image here]]
To hold that under such circumstances the innocent party had split his cause of action and waived his right to sue for personal injuries is unthinkable.... We can not be persuaded that we should create a truism out of the hackneyed saw: ‘It’s all law and no justice.’
Rosenthal, 150 So.2d at 438 (footnote omitted).
Accordingly, although we affirm the final judgment as to Mr. Bettcher, we reverse the final judgment entered against Brenda Bettcher and remand for further proceedings.
Affirmed in part, reversed in part, and remanded for further proceedings.
WHATLEY and SALCINES, JJ., Concur.

. It could also give the insurers of negligent drivers a powerful bargaining tool to obtain the release of all claims before the full significance of personal injuries can be evaluated. For example, we have reviewed a case where a release of claims was required before the nonnegligenl party could retrieve their car from the repair shop.