825 So.2d 502 (2002)
FIRST NORTH AMERICAN NATIONAL BANK, Petitioner,
v.
Elizabeth HUMMEL and Ltd Financial Services, L.P., Respondents.
No. 2D01-3796.
District Court of Appeal of Florida, Second District.
September 6, 2002.
Dennis LeVine of Dennis LeVine & Associates, P.A., Tampa, for Petitioner.
Mark T. Tischhauser, Tampa, for Respondent Elizabeth Hummel.
No Appearance for Respondent LTD Financial Services, L.P.
SILBERMAN, Judge.
First North American National Bank (FNANB) seeks certiorari review of an *503 order entered by the circuit court sitting in its appellate capacity. The circuit court reversed a final judgment entered in favor of FNANB by the county court for Hillsborough County. Because the circuit court did not apply the correct law in reviewing the decision of the county court, we grant the petition.
Elizabeth Hummel owed money to FNANB for charges made on her credit card account. Several months after FNANB transferred the account to a collection agency, Hummel filed a Chapter 7 bankruptcy petition. Subsequently, she received a letter from LTD Financial Services, L.P., which was pursuing collection of the account. Hummel eventually filed suit in the county court against FNANB and LTD Financial and alleged that the sending of the collection letter violated a provision of the Florida Consumer Collection Practices Act (the Act). See § 559.72, Fla. Stat. (1997).
FNANB filed a motion for summary judgment and a supporting affidavit. It asserted that it was not given notice of Hummel's bankruptcy filing until after the collection letter had been sent by LTD Financial, even though Hummel had FNANB's correct mailing address. FNANB argued that because it was unaware of Hummel's bankruptcy proceeding, it was not liable under the Act.
In opposition, Hummel filed copies of three documents: a letter that had been sent by her attorney to FNANB demanding damages for the alleged violation of the Act; a mail receipt for that letter; and a copy of FNANB's response to the letter. It did not, however, file any affidavits opposing the facts stated in FNANB's affidavit.
After a hearing, the county court granted FNANB's motion for summary judgment and entered a final judgment against Hummel. The court noted that Hummel's claim was based on the allegation that FNANB attempted to collect a debt knowing that Hummel had filed for bankruptcy court protection. The court concluded that FNANB's affidavit established that it had not received notice of Hummel's bankruptcy filing, and Hummel did not come forward with competent evidence to counter FNANB's affidavit.
On appeal, the circuit court acknowledged that the county court may have been procedurally correct because Hummel violated the rules of procedure governing summary judgments. Nevertheless, the circuit court reversed the final judgment of the county court commenting that the demand letter sent by Hummel's attorney tended to bolster Hummel's claim. The circuit court did not address the fact that the letter was filed by Hummel with no supporting affidavit.
In its petition for writ of certiorari, FNANB argues that the circuit court departed from the essential requirements of law by relying on the unauthenticated documents as the basis to reverse the county court's final judgment. Our scope of review is whether the circuit court afforded procedural due process and whether it applied the correct law. Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000); Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla. 1995).
A party moving for a summary judgment must conclusively demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510; Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966); Strickland v. Strickland, 456 So.2d 583, 584 (Fla. 2d DCA 1984). Once the moving party meets its burden, then the party opposing entry of a summary judgment must prove the existence of genuine triable issues. Holl, 191 So.2d at 43-44.
In seeking summary judgment, FNANB met its burden by filing a supporting affidavit. *504 See Fla. R. Civ. P. 1.510. Hummel did not file any affidavits or other admissible evidence in opposition to FNANB's motion, and the pleadings and discovery contained in the record did not otherwise show the existence of a genuine issue of material fact. While Hummel filed three documents with the county court, the documents were not authenticated or supported by any affidavit or other evidentiary proof. See Daeda v. Blue Cross & Blue Shield of Fla., Inc., 698 So.2d 617, 618 (Fla. 2d DCA 1997); Harris v. Wilson, 656 So.2d 512, 517 (Fla. 1st DCA 1995). Therefore, based on the record properly before it, the county court correctly granted summary judgment. See Fleming v. Peoples First Fin. Sav. & Loan Ass'n, 667 So.2d 273, 274 (Fla. 1st DCA 1995); DeMesme v. Stephenson, 498 So.2d 673, 675 (Fla. 1st DCA 1986).
By relying on the unauthenticated documents to reverse the county court, the circuit court did not apply the correct law governing summary judgment proceedings. Therefore, we grant FNANB's petition for writ of certiorari, quash the decision of the circuit court, and reinstate the final judgment of the county court.
FULMER and CASANUEVA, JJ., Concur.