856 So.2d 1059 (2003)
EVERETT PAINTING COMPANY, INC., a Florida corporation, Appellant,
v.
PADULA & WADSWORTH CONSTRUCTION, INC., a Florida corporation, and Travelers Insurance Company, a foreign corporation, Appellees.
No. 4D02-221.
District Court of Appeal of Florida, Fourth District.
October 8, 2003.
*1060 Steven M. Rosen of Law Offices of Steven M. Rosen, Miami, for appellant.
James B. Boone, Sunrise, for appellees.
HAZOURI, J.
In December 1997, Everett Painting Company, Inc. (Everett Painting), entered into a written Subcontract Agreement with Padula & Wadsworth Construction, Inc. (Contractor), to perform painting services on a project identified as "Driftwood Middle School." The project constituted a public project pursuant to section 255.05, Florida Statutes (1997), and under the terms of the statute, Contractor was required to secure both a payment and performance bond on the project. The bond was obtained from Travelers Insurance Company (Surety).
Everett Painting filed suit against Contractor and Surety alleging that it was owed a total of $80,455.50. This amount was broken down into three separate claims: 1) $11,471.50 retainage under the *1061 contract amount, 2) change orders totaling $3,916, and 3) a composite of six claims totaling $65,068, which result from additional costs that Everett Painting alleged it incurred due to delay or additional work required to patch or re-paint areas that were damaged by the negligence of other trades.[1] The trial court entered a Summary Final Judgment in favor of Contractor and Surety on the retainage claim based on its determination that the "pay-when-paid" provision in the contract barred Everett Painting's claim for the retainage because at the time of suit Contractor had not yet received final payment from the owner. The trial court also granted a Summary Final Judgment on Everett Painting's other claims based upon other contract provisions.
The standard of review when reviewing the entry of summary judgment is de novo. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law. Id. If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issue, it should be submitted to the jury as a question of fact to be determined by it. See Bruckner v. City of Dania Beach, 823 So.2d 167, 170 (Fla. 4th DCA 2002), review denied, 842 So.2d 843 (Fla.2003).
We affirm in part and reverse in part. We hold that as a matter of law only Contractor was entitled to a judgment in its favor with respect to the claim for the retainage of the contract amount. The trial court should have allowed Everett Painting to pursue its claim against Surety. With respect to the claim for unpaid change orders, we hold that as a matter of law Contractor and Surety were entitled to a judgment in their favor. And, finally, with respect to the claim for additional costs incurred, we hold that the trial court erred in entering a summary final judgment in favor of Contractor and Surety. In the discussion that follows we will address each of Everett Painting's claims separately.
Everett Painting alleges that it is owed $11,471.50 as the retainage of the payment due under the contract. Contractor argues that this claim is barred by the "pay-when-paid" provision in the contract which states that final payment from the owner is a condition precedent to Contractor's obligation to make final payment to Everett Painting. At the time of the suit, Contractor had not yet received final payment from the owner. Therefore, under the terms of the contract, Everett Painting is not entitled to this amount until Contractor receives final payment from the owner. We hold that the provision in the contract is clear and unambiguous and therefore binding on the parties. As a matter of law, Contractor is entitled to judgment in its favor on this claim.
However, this contract provision is not a defense that is available to Surety. A payment bond is a separate agreement from the contract and an inability to proceed against Contractor does not necessarily prevent recovery on the bond. See OBS Co. v. Pace Constr. Corp., 558 So.2d 404, 407 (Fla.1990). Under section 713.245, Florida Statutes (1997), a surety may limit its liability by including conditional payment language in the bond, if the contract between the contractor and a subcontractor *1062 includes a similar limitation. This is referred to as a "conditional payment bond." In order to create a conditional payment bond, the surety must include specific language that is identified in section 713.245.[2] However, the record reflects that the bond agreement was never submitted to the trial court for review. Therefore, we do not know if Surety included the necessary language under 713.245 in order to create a conditional payment bond.
However, even if it did contain the language in section 713.245, Surety did not have the ability to create a conditional payment bond because the bond in the instant case was issued pursuant to section 255.05 and there are no provisions in section 255.05 similar to those in section 713.245. The purpose of section 255.05 is to protect subcontractors and suppliers by providing them with an alternative remedy to mechanic's liens on public projects. See Palm Beach County v. Trinity Indus., Inc., 661 So.2d 942, 944 (Fla. 4th DCA 1995).
Everett Painting's second claim is for unpaid change orders in the amount of $3,916.00. Contractor argues that it is entitled to prevail on this claim as a matter of law due to a provision in the contract which states that no changes are valid except upon written order from Contractor. The party moving for summary judgment must conclusively demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Once the moving party meets its burden, then the party opposing entry of a summary judgment must prove the existence of genuine triable issues. See First N. Am. Nat'l Bank v. Hummel, 825 So.2d 502, 503 (Fla. 2d DCA 2002) (citing Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966)). In an affidavit supporting its Motion for Summary Judgment, Contractor stated, "Plaintiff has been paid for all change orders that were agreed to and signed by Defendant P & W. There are no other change orders that have been agreed to or signed by Defendant P & W." This satisfied Contractor's burden. Everett Painting then had a burden to produce something to refute this statement. Everett Painting was unable to produce any written documents signed by Contractor authorizing the change orders alleged. The documents submitted by Everett Painting are not sufficient to support their burden of establishing that there is a genuine triable issue. Therefore, Contractor and Surety are entitled to prevail on this claim as a matter of law.
Everett Painting's final claim is a composite of six claims totaling $65,068.00. Three of these claims (Claims 1, 3, and 5) arise from additional costs Everett Painting alleges it incurred to repaint or patch areas that were damaged by the negligence of other trades. Contractor argues that these claims are barred by a provision in the "Specifications," a document incorporated into the contract. The Specifications provide a description of the scope of work to be performed by Everett Painting under the contract. It includes the following requirement: "At completion of work of other trades, touch-up and restore all *1063 damaged or defaced painted surfaces." Contractor argues that Claims 1, 3, and 5 were for work that Everett Painting was required to perform under the terms of the Specifications and therefore Everett Painting is not entitled to any additional compensation. However, Everett Painting argues that the claims are for work that it performed that was above and beyond the "touch-up" work contemplated by the Specifications.
Contractor, as the moving party, had a burden to conclusively demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. It failed to meet its burden. The affidavits filed in support of the Motion for Summary Judgment do not include any statements relating to these claims or the scope of work performed by Everett Painting. Contractor has failed to produce any evidence establishing that the work that was the basis for these claims fell within the language of the Specifications. Therefore, we hold that the entry of a Summary Final Judgment on these claims was error.
The remaining three claims (Claims 2, 4, and 6) arise from additional costs Everett Painting alleges it incurred due to delay on the project. Contractor asserts that these claims are barred by a provision in the contract which states that Everett Painting is entitled to damages for delay only to the extent that Contractor is entitled to compensation for such delays from the owner, and only to the extent that Contractor actually receives compensation from the owner. In the Supplemental Affidavit filed by Contractor in support of its Motion for Summary Judgment, the affiant states: "Defendant P & W is not entitled to delay damages pursuant to its contract with the School Board of Broward County, nor has it ever made a claim for delay damages. Defendant P & W has not received any sums from the School Board of Broward County for delay damages." This Affidavit satisfied Contractor's burden. Everett Painting produced three documents to refute this statement. These documents appear to create a genuine issue of disputed material fact regarding whether Contractor is entitled to any delay damages from the owner. Therefore, the entry of a Summary Final Judgment on these claims was error.
We affirm in part and reverse in part and remand for further proceedings consistent with this opinion.
STONE and WARNER, JJ., concur.
NOTES
[1] After Everett Painting filed suit, Contractor made a payment to Everett Painting in partial reduction of its claim. Everett Painting signed a Partial Release of Lien to reflect the payment made.
[2] Section 713.245, states that the front page of the bond must contain the following statement in at least 10-point type:

THIS BOND ONLY COVERS CLAIMS OF SUBCONTRACTORS, SUB SUBCONTRACTORS, SUPPLIERS, AND LABORERS TO THE EXTENT THE CONTRACTOR HAS BEEN PAID FOR THE LABOR, SERVICES, OR MATERIALS PROVIDED BY SUCH PERSONS. THIS BOND DOES NOT PRECLUDE YOU FROM SERVING A NOTICE TO OWNER OR FILING A CLAIM OF LIEN ON THIS PROJECT.