DAVIS, Judge.
Glenda S. Owens appeals the final summary judgment entered in favor of Nationwide Mutual Insurance Company (“Nationwide”) in her breach of contract action. We reverse.
Owens was a passenger in an automobile that was struck by a vehicle driven by Gregory D. Ervin in the state of Georgia in June 1998. The vehicle Ervin was driving was owned by Ervin’s father-in-law, Jesse Hollingsworth. At the time of the accident, Owens maintained uninsured motorist (“UM”) coverage with Nationwide.
In October 1998, believing Ervin was uninsured, Owens accepted $4415 in UM benefits from Nationwide. Owens alleged that she accepted this payment believing it to be for her lost wages only. Upon receiving the benefits, Owens executed a document entitled “Release and Trust Agreement,” by which she acknowledged receipt of the benefits and released Nationwide from further claims. However, the release agreement did not specify that the payment was solely for lost wages.[1] Subsequently, Owens learned that Ervin had insurance coverage with Superior Insurance that provided for $100,000/$300, 000 worth of liability coverage.
On May 3, 1999, Nationwide exercised its subrogation rights under its policy with Owens and filed suit in Georgia against Ervin. That suit was brought in the names of Nationwide, as the subrogee of Owens, and Owens individually. However, Owens was never notified by Nationwide of the Georgia lawsuit. The suit resulted in a final judgment in the amount of $4415, plus prejudgment interest, costs, and attorneys’ fees, in favor of Nationwide and Owens and against Ervin.
On June 23, 2000, Owens filed her multi-count complaint against Ervin, Hollings-worth, Nationwide, and Superior, as well as the driver of the vehicle in which she was a passenger. The counts against Nationwide included one count for breach of contract and one count for bad faith. The trial court ordered the bad faith claim held in abeyance until the remainder of the action was resolved.
Owens alleged in her breach of contract count that although the contract provided Nationwide with subrogee rights to seek recovery of the monies it paid pursuant to the contract, Nationwide breached the duty it owed to Owens (1) by failing to notify her of the Georgia suit after listing her as an individual plaintiff and (2) by representing to the Georgia court that the $4415 was a fair and reasonable amount for the damages and injuries she suffered when it knew or should have known that her damages far exceeded this amount. By the Georgia court’s entry of final judgment against Ervin in favor of Owens individually, Owens is now precluded from seeking further recovery from Ervin. See Bettcher v. Wadsworth, 825 So.2d 438, 440 (Fla. 2d DCA 2002) (“Res judicata properly bars relitigation of the same issues between the same parties. A corollary to this rule provides that issues that could have been raised in prior litigation should have been raised and, thus, are barred.”).
After filing its answer and affirmative defenses, Nationwide moved for summary judgment. It argued that since the Release and Trust Agreement released Nationwide from all future claims “of whatsoever kind,” Owens was precluded as a matter of law from bringing this action against Nationwide. The trial court agreed, granted the motion, and entered a final judgment in favor of Nationwide. Owens appeals this final judgment.
*251 At the hearing on the motion for summary judgment, the trial court orally pronounced certain findings that are not contained in the written order. The trial judge determined that by executing the Release and Trust Agreement, Owens authorized Nationwide to file an action against Ervin. The trial judge further found that this language did not require Nationwide to give any notice to Owens and that it did not require Nationwide to seek any damages over and above what it had paid to Owens in UM benefits. Accordingly, the trial court concluded that the release was in fact a legal defense to Owens’ claims and granted summary judgment. We conclude that the trial court misinterpreted the legal effect of the Release and Trust Agreement.
“A party moving for a summary judgment must conclusively demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.” First N. Am. Nat’l Bank v. Hummel, 825 So.2d 502, 503 (Fla. 2d DCA 2002) (citing Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966)). We review the granting of summary judgment de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000).
Our reading of the Release and Trust Agreement leads us to a different conclusion than that of the trial court. First, we note that Nationwide is correct that the release includes the following broad language: “Owens ... does forever release and discharge Nationwide of and from all claims of whatsoever kind and nature.... ” However, as argued by Owens’ counsel at the summary judgment hearing, the agreement goes on to limit the release to claims that arise “prior to and including the date hereof’ and “grow out of’ the UM policy issued by Nationwide to Owens. Further, the release is limited to those claims “resulting or to result from an accident which occurred on 06-27-1998 at or near ... Athens, Georgia.”
At the hearing, Owens’ counsel argued that Owens’ breach of contract claim was based on acts taken by Nationwide after the execution of the release and was not based on the accident itself. The acts which served as the basis of Owens’ complaint included the filing of the Georgia lawsuit in Owens’ name personally without notifying her and the reduction of the lawsuit to a judgment in an amount that Nationwide knew did not represent Owens’ total damages. We conclude that a plain reading of the release language negates the trial court’s finding that the release was intended to absolve Nationwide of all liability for all of its acts that occurred after Owens executed the release. Thus, the trial court erred in ruling that this release was a bar to Owens’ claim against Nationwide. Whether these acts are sufficient to support a claim for breach of contract is an issue to be determined by the trier of fact, not one to be decided at the summary judgment stage.
Additionally, the trial judge misread the second paragraph of the release. The trial court understood this paragraph to include Owens’ authorization of Nationwide filing an action against Ervin. Since there is no mention of notifying Owens, the trial court concluded that Nationwide had no duty to advise her of the lawsuit. The trial court also found that Nationwide was not required to seek full recovery for Owens’ injuries and instead was within its rights in limiting the recovery to the sums it had paid to Owens as UM benefits.
The trial court, however, failed to notice that the release language specified that the action would be taken to “recover the damages suffered by the undersigned and said minor or estate.” It is clear from the release that the term “undersigned” refers only to Owens, as the insurer is *252 specifically designated as “Nationwide.” Accordingly, assuming the trial court is correct that this provision authorizes Nationwide to file the action, the action was for Owens’ damages, not Nationwide’s. This is further evidenced by the release provision addressing what would happen to any funds recovered in excess of Nationwide’s payments. Whether Nationwide knew or should have known that Owens’ damages exceeded the $4415 in UM benefits that it had paid to her is an issue of fact not to be resolved at summary judgment. If Nationwide knew Owens’ damages exceeded this amount and purposely misrepresented to the Georgia trial court that this amount was a fair settlement of Owens’ damages, Nationwide might be liable for a breach of its contractual duties as imposed by this release agreement. Thus, the entry of summary judgment was error, and we reverse.
Reversed and remanded for further proceedings.
NORTHCUTT and COVINGTON, JJ„ Concur.

. In her complaint, Owens alleged that she incurred hospital bills in excess of $15,000, lost wages of approximately $6000, and other out-of-pocket expenses in excess of $2600.