906 So.2d 1261 (2005)
Sujan Singh CHHABRA and Jasbeer Kaur Chhabra, his wife, Appellants,
v.
Jimmy MORALES and Caridad Vega-Morales, his wife, Appellees.
No. 4D04-3396.
District Court of Appeal of Florida, Fourth District.
July 27, 2005.
Lee H. Schillinger of the Law Office of Lee H. Schillinger, P.A., Hollywood, for appellants.
Raul Gastesi, Jr., and Vincent B. Flor of Gastesi & Associates, P.A., Miami Lakes, and Leonardo G. Renaud and Anthony J. Tinelli, of Counsel, of the Law Offices of Leonardo G. Renaud, P.A., Fort Lauderdale, for appellees.
HAZOURI, J.
This appeal arises from the entry of two summary final judgments which granted specific performance and compelled the transfer of title of a leased residential property from Sujan Singh Chhabra and Jasbeer Kaur Chhabra, his wife, as landlords to their tenants, Jimmy Morales and Caridad Vega-Morales. We reverse.
The Moraleses became tenants on October 1, 2001 under a lease which terminated on November 30, 2002, with a brief extension until December 6, 2002. The Moraleses claim the right to buy the residence pursuant to a clause they had handwritten into the lease, purporting to give them the "first opportunity" to purchase the home. The Chhabras deny agreeing to this "first opportunity" to purchase clause inserted into the lease. The Moraleses also claim rights under a document entitled "Option to Buy," which was unsigned by the Chhabras and which they denied was agreed to by them.
In its summary final judgment of February 12, 2004, the trial court found inter alia the following:

*1262 1. That the October 22, 2001 Lease agreement, Option to Buy, and November 29, 2002 Addendum to Contract (hereinafter "the Agreement"), for the premises located at 3711 N.W. 115th Terrace, Sunrise, Florida 33323, are enforceable and binding as between the Plaintiffs-Tenants, JIMMY MORALES and CARIDAD MORALES, and the Defendants-Landords [sic], SUJAN SINGH CHHABRA and JASBEER KAUR CHHABRA.
2. That the Addendum to Contract signed by both the Plaintiffs and Defendants on November 29, 2002, cured any breach or defect, as alleged by the Defendants, in the Plaintiffs' obligations under the Lease agreement and Option to Buy.
The Addendum to the contract provided:
THIS ADDENDUM TO CONTRACT made November 24, 2002 between Sujan Singh Chhabra and Jasbeer Kaur Chhabra, his wife, owners of the property located at 3711 N.W. 115th Terrace, Sunrise, Florida 33323 and Jimmy Morales and Caridad Vega Morales, tenants and buyers. We agree to extend the agreement until Friday, December 6, 2002 for purposes of allowing the closing of sale on the property. The purchase price still remains $149,999.99 as agreed between both parties.
As noted above, the Chhabras deny agreeing to the option to buy and deny that the "ADDENDUM TO CONTRACT" is an addendum to the original contract to lease the residence. They assert that there are disputed issues of fact as to terms for the sale and purchase of the property located at 3711 N.W. 115th Terrace. We agree.
The general principles for granting summary judgment and the standard of review are set forth in Everett Painting Co. v. Padula & Wadsworth Construction, 856 So.2d 1059 (Fla. 4th DCA 2003):
The standard of review when reviewing the entry of summary judgment is de novo. Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law. If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issue, it should be submitted to the jury as a question of fact to be determined by it.
Id. at 1061 (citations omitted).
As this court noted in Campaniello v. Amici Partnership, 832 So.2d 870, 872 (Fla. 4th DCA 2002), in ruling on a motion for summary judgment, "[t]he trial court must interpret every possible inference in favor of the non-movant, and should not enter summary judgment unless the facts are so crystallized that nothing remains but questions of law."
"Construction of a contract is ordinarily a question of law for the trial court provided that the terms used are unequivocal, clear, undisputed, and not subject to conflicting inferences." Segal v. Rhumbline Int'l, Inc., 688 So.2d 397, 398 (Fla. 4th DCA 1997). "However, when the terms of a written instrument are disputed and rationally susceptible to more than one construction, an issue of fact is presented which cannot properly be resolved by summary judgment." Id.
It is clear from a review of the record that there are disputed issues of fact as to the terms of the written instruments in the instant case which are rationally susceptible to more than one construction. Therefore the trial court erred in granting the summary judgments and we *1263 reverse and remand for further proceedings.
Reversed.
GUNTHER and WARNER, JJ., concur.