ROTHENBERG, J.
The petitioner, Edward Cutler, a beneficiary of the estate of Edith Alice Cutler, seeks an emergency writ of prohibition to preclude the trial court from holding an evidentiary hearing on his petition to admit a codicil. To the extent the trial court may have been misled or improperly convinced to conduct an evidentiary hearing on the petition to admit a codicil, we grant the petition.
Without belaboring the tortured history regarding the administration of this estate, we will briefly articulate the relevant facts. Edith Cutler died on June 6, 2004. On October 14, 2004, Edward Cutler filed a petition to admit a codicil during the probate proceedings. The petition sought modification of Edith Cutler’s will based on a document titled “Statement & Agreement,” dated February 2004 (four months prior to Edith Cutler’s death). This codicil purported to release Edward Cutler from various financial obligations, including the repayment of a mortgage loan on Edith Cutler’s home. Cynthia Cutler, Edward Cutler’s sister, and the intended recipient of the devised residence, filed a response which included an affirmative defense of undue influence.
Six years later, after extensive discovery was conducted, and only two weeks before the evidentiary hearing specially set by Cynthia Cutler, Edward Cutler filed a Notice of Voluntary Dismissal and Withdrawal of Petition to Admit Codicil. Because the hearing had been scheduled by Cynthia Cutler, the trial court asked Cynthia Cutler’s counsel to advise the court what issues, if any, remained to be heard. Cynthia Cutler’s counsel responded that he intended to proceed with the hearing on Edward Cutler’s petition to admit the codicil as scheduled. The trial court, therefore, notified the parties that the hearing would proceed as scheduled, thus prompting the filing of the instant prohibition petition.
Generally, a party may voluntarily dismiss any claim, and such a dismissal, if accepted by the trial court, deprives the court of jurisdiction over the subject matter of the claim dismissed. Fla. R. Civ. P. 1.420; Serv. Experts, LLC v. Northside Air Conditioning & Elec. Serv., Inc., 56 So.3d 26 (Fla. 2d DCA 2010); Tobkin v. State, 111 So.2d 1160 (Fla. 4th DCA 2001). An exception to this general proposition is where the party taking the voluntary dismissal is perpetrating a fraud on the court. Tobkin, 111 So.2d at 1163-64.
Cynthia Cutler contends the purported codicil was procured through undue influence and the defense mounted against recognition of this document was costly to the estate, in the form of attorney’s fees, costs, and time. Additionally, Cynthia Cutler contends that if the trial court finds the purported codicil was procured through undue influence, Edward Cutler will not be entitled to recover attorney’s fees awarded, but not paid, from the estate, which he incurred prosecuting his claim.
Although we agree that the trial court had the authority to reject the voluntary dismissal, Cynthia Cutler filed no motion or other pleading objecting to the withdrawal of the petition; there is nothing in the record to suggest the trial court did not accept Edward Cutler’s dismissal of his petition to admit the codicil; and Cynthia Cutler did not file any pleading attacking the withdrawal of the petition. *1174 Instead, Cynthia Cutler attempted to have the trial court conduct a hearing on the withdrawn petition.
We do not fault the trial court for not cancelling the specially set hearing based on Cynthia Cutler’s representation that there were issues remaining to be heard, and of course, it is not evident that the trial court would have conducted a hearing on the dismissed petition once the attorneys appeared and the trial court was properly advised as to the procedural posture of the petition and the law. To the extent the trial court may have been persuaded to conduct a hearing on the withdrawn petition, we grant the writ of prohibition. In granting the writ, we do so without prejudice to Cynthia Cutler to seek review and relief of any misconduct or fraud allegedly committed in the procurement and/or prosecution of the alleged codicil.
Petition granted.