WALLIS, J.
Betty Katke petitions this court for a writ of prohibition to prohibit the trial court from proceeding on Maria B. Kardos’ petition to determine Katke’s incapacity in the underlying action. Originally, Katke’s daughter, Linda Bersche, initiated the action by filing a petition to determine incapacity (“First Petition”), which she withdrew. In the same case, Kardos filed a subsequent petition to determine incapacity (“Second Petition”). Because the trial court lost jurisdiction over the underlying case once Bersche withdrew the First Petition, we grant Katke’s writ of prohibition.[1]
On March 31, 2014, Bersche filed the First Petition, alleging Katke was incapacitated. Bersche also sought appointment of an emergency temporary guardian. On April 2, 2014, the trial court appointed Bersche as the emergency temporary guardian. On April 9, 2014, Bersche resigned as the emergency temporary guardian. The next day, Kardos, a professional guardian unrelated to Katke, applied and was appointed as the new emergency temporary guardian. On April 28, 2014, the trial court entered an order declaring the proceedings adversarial, pursuant to Florida Probate Rule 5.025.[2] On May 19, 2014, Katke filed an emergency motion to set aside the order appointing Bersche and the order substituting Kardos as temporary guardian. The trial court heard the motion and ultimately set aside both orders because of a lack of service and notice to Katke.
Katke filed an emergency motion to dismiss the First Petition, which was set for hearing on July 30, 2014. On May 25, 2014, Bersche withdrew the First Petition by filing a “Notice of Withdrawal of All Pending Pleadings and Motions and Requests for Discovery.”
On July 29, 2014, the day before the hearing on the motion to dismiss the First Petition, Kardos filed the Second Petition under the same case number. Katke promptly filed a motion to strike the Second Petition. At the July 30 hearing, Kat-ke objected to Kardos’ continuation of the underlying case through the Second Petition, arguing that no guardianship statutes or related probate rules allow a Second Petition to be filed in the same proceedings. Over Katke’s objections, the trial court found that the motion to strike the Second Petition would be “best heard” in conjunction with any incapacity proceedings. Additionally, the trial court ordered Katke’s .privately retained counsel to serve the Second Petition to determine incapacity on Katke.
On August 22, 2014, the trial court entered a written order from the July 30, 2014 hearing, finding that Bersche “withdrew” and “abandoned” the First Petition. *576 The trial court concluded that Katke’s motion to strike the First Petition was moot. Nonetheless, the trial court allowed Kar-dos to proceed under the Second Petition, holding that under section 744.3201(1), Florida Statutes, Kardos has standing to file the petition because she is an “adult person.”[3] The court also ruled that any outstanding discovery motions or issues may be scheduled for hearing.
“Prohibition is an extraordinary writ by which a superior court having appellate and supervisory jurisdiction over a lower court may prevent the lower court from exceeding its jurisdiction or usurping authority over matters not within its jurisdiction.” Citizens Prop. Ins. Corp. v. Garfinkel, 25 So.3d 62, 63 (Fla. 5th DCA 2009). In a matter where the court loses “case” jurisdiction, a writ of prohibition is the proper claim for relief. See Tobkin v. State, 777 So.2d 1160, 1163 (Fla. 4th DCA 2001) (citing English v. McCrary, 348 So.2d 293, 296 (Fla.1977)).
“A party may voluntarily dismiss any claim, and such a dismissal, if accepted by the trial court, deprives the court of jurisdiction over the subject matter of the claim dismissed.” Cutler v. Cutler, 84 So.3d 1172 (Fla. 3d DCA 2012). The plaintiffs right to voluntarily dismiss its own lawsuit is almost absolute, with exceptions for fraud on the court and child custody. Tobkin v. State, 111 So.2d 1160, 1162 (Fla. 4th DCA 2001). Here, there was no allegation of fraud. Furthermore, the trial court specifically found that the original petition was withdrawn and that all motions attacking the petition were therefore moot. Once the trial court accepted the withdrawal, it lost jurisdiction over the case. Thus, the court could not find that Kardos had standing to file the Second Petition in the same case or that the parties could set hearings on outstanding discovery motions.[4] We therefore grant the writ of prohibition and lift the stay.
PETITION GRANTED, STAY LIFTED.
PALMER and LAWSON, JJ., concur.

. On September 8, 2014, this court stayed the proceedings below. As a result of our grant of a writ of prohibition, we lift the stay for the trial court to dismiss Kardos’ petition to determine incapacity.

. Florida Probate Rule 5.025 provides that Florida Rules of Civil Procedure apply to probate proceedings that are declared to be adversarial.

. Section 744.3201(1), Florida Statutes (2014), provides that ‘‘[a] petition to determine incapacity of a person may be executed by any adult person.”

. "Of course, a voluntary dismissal does not divest the court of jurisdiction to conclude ancillary matters involved in the case such as outstanding and unresolved motions for attorney's fees and cqsts, and similar issues.” Tobkin, 777 So.2d at 1163.