DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ADAM GORT** and **LISA FORMAN,**
Appellants,

v.

**WILLIAM GORT,**
Appellee.

Nos. 4D14-3830 and 4D15-398


[February 3, 2016]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Krista Marx, Judge; L.T. Case No. 502013GA000575XXXXNB.

I. Jeffrey Pheterson and Sally Still of Ward, Damon, Posner, Pheterson & Bleau, West Palm Beach, for appellant, Adam Gort.

Peter A. Sachs and Elizabeth K. Ehrlich of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellee.

MAY, J.

These appeals arise from guardianship proceedings involving two brothers and a cousin. A brother and his cousin appeal two orders. The first is a final summary judgment in favor of the older brother, who is the petitioner. The second order awarded attorney's fees to the petitioner. The brother and his cousin argue the trial court erred in enforcing a settlement agreement and awarding fees. We disagree and affirm.

The petitioner petitioned to have his brother found incapacitated and for appointment of a limited guardian and emergency temporary guardian (ETG). The petition alleged the brother is a diagnosed paranoid schizophrenic and suffers from auditory hallucinations. The brother has checked himself in and out of hospitals. These hospitals have recommended that he be committed to a state facility where he can receive the proper care and treatment he requires. The petition alleged the brother was incapable of exercising many rights including the right to contract.

The brother and his cousin opposed the petition. The cousin petitioned to determine the brother's incapacity and sought to be appointed plenary guardian of his person and property.

The trial court entered an order setting an incapacity hearing, appointed counsel for the brother, and appointed a three-member examining committee. All three members found the brother was incapacitated and lacked the capacity to contract.

The brother moved to substitute counsel, which the trial court granted. The brother denied he was incapacitated and requested the court enter an order reflecting he is capable of exercising all of his rights.

Prior to the incapacity hearing, the court referred the parties to mediation. All parties participated and were represented by counsel. The meditation resulted in a settlement agreement, in which the petitioner and the cousin would dismiss their pending petitions without the need for prior court approval. The brother and cousin agreed to provide the petitioner with: notice of the brother's medical events, copies of his financial statements, and the deed to the brother's house. They agreed to designate a neutral agency to evaluate the brother's living situation every six months, and open lines of communication between the petitioner and his brother.

Pursuant to the agreement, the petitioner and cousin voluntarily dismissed their petitions. They filed the settlement agreement with the court with attachments showing the brother's compliance with some of the agreement's terms.

Over one year later, the petitioner filed an action against the brother and cousin in the probate division seeking a declaration that the settlement agreement was valid and enforceable. The case was assigned to a new judge. The brother responded by asserting affirmative defenses, and filing a counter-petition seeking to have the agreement declared invalid and unenforceable. The cousin also responded and asserted affirmative defenses.

The petitioner then moved for summary judgment. The brother filed a response and affidavits in opposition to the motion. The cousin joined in the brother's response.

The brother's affidavit attested that he is estranged from the petitioner, who lives in Ohio. He admitted himself to Fair Oaks Hospital in May 2012 for treatment of his schizophrenia. His condition began to improve

2

immediately when he was placed on proper medication.   He was discharged the following month.

He lives with his aunt; his cousin lives around the corner from them. At the court ordered mediation, he felt extremely vulnerable and pressured to sign the settlement agreement.  He was afraid that if he did not sign the agreement, he would be sent to a state mental facility.  He complied with the agreement for some time but stopped doing so in 2013.

He has no desire to have open communication with the petitioner because the petitioner is overbearing, abusive, controlling, and undermining his efforts to live independently.  His mental and physical health have improved since the settlement agreement.  He lives a normal life, and the cousin acts as his health care surrogate and has his power of attorney.

The trial court heard oral argument on the petitioner's motion for summary judgment in August 2014.  At the court's direction, the parties submitted supplemental authorities and proposed orders.  Both parties received notice of each other's proposed orders.  On September 15, 2014, the trial court adopted the petitioner's order, and entered summary judgment in his favor.  The order contained extensive findings of fact and conclusions of law.

The trial court found, in part:

    (1) the agreement is silent as to its termination date, but it is reasonable to interpret the termination date as the brother's death;

    (2) the petitioner relied to his detriment on the agreement when he voluntarily dismissed his petition to determine incapacity;

    (3) the brother did not sign the settlement agreement under coercion or duress because the petitioner did not engage in improper or illegal conduct; and

    (4) it was not improper for the parties to enter into the settlement agreement after a petition to determine incapacity had been filed but before an adjudicatory hearing because there is no requirement for an adjudicatory hearing every time a petition is filed.

From that order, the brother and cousin now appeal.

We have de novo review. *Pitcher v. Zappitell*, 160 So. 3d 145, 147 (Fla. 4th DCA 2015) (citing *Chhabra v. Morales*, 906 So. 2d 1261, 1262 (Fla. 4th DCA 2005)). "'The movant's burden [in a summary judgment proceeding] is to come forward with competent evidence to demonstrate the non-existence of a material issue of fact.'" *Id.* (alteration in original) (quoting *Bratt v. Laskas*, 845 So. 2d 964, 966 (Fla. 4th DCA 2003)).

The brother and cousin argue the trial court erred in enforcing the settlement agreement because it is void under Florida law and public policy. Specifically, they argue the petitioner cannot voluntarily dismiss his petition without the statutorily required adjudicatory hearing on the brother's incapacity. *See* § 744.331(4), Fla. Stat. (2012). They also argue that the petitioner is estopped from arguing that his brother had the capacity to enter into the agreement because it was contrary to the allegations in his petition, and the examining committee found the brother lacked capacity.

The petitioner responds that his brother was presumed to have capacity because he was never adjudicated incapacitated and the examining committee's reports are not properly considered because they are inadmissible hearsay. The petitioner also responds that the agreement does not violate due process because he voluntarily dismissed his petition, and the doctrine of judicial estoppel does not apply.

"'Proceedings to determine the [incapacity] of a person are generally controlled by statute and where the statute prescribes a certain method of proceeding to make that determination, the statute must be strictly followed.'" *In re Guardianship of Klatthaar*, 129 So. 3d 482, 484 (Fla. 2d DCA 2014) (quoting *Rothman v. Rothman*, 93 So. 3d 1052, 1054 (Fla. 4th DCA 2012)). Section 744.331, Florida Statutes (2012), provides that when a petition to determine incapacity is filed, a court must appoint an attorney to represent the alleged incapacitated person, and within five days of the petition, the court shall appoint an examining committee of three members to examine the alleged incapacitated person, all of whom are to file their reports with the court. § 744.331(1)–(3), Fla. Stat.

A plain reading of the statute indicates that once a petition is filed, the court *shall set* the matter for hearing within certain time constraints. *Id.* § 744.331(5)(a). The statute also provides that a court *shall dismiss* a petition if the examining committee members conclude the person is not incapacitated. *Id.* § 744.331(4). But, the statute is silent on whether a court is required to hold an adjudicatory hearing every time a petition is

filed. It is also silent on whether a party may voluntarily dismiss a petition to determine incapacity.

While the rules are silent on whether a petition can be voluntarily dismissed prior to an adjudicatory hearing, common sense dictates that a petitioner has that ability. *Katke v. Bersche*, 161 So. 3d 574 (Fla. 5th DCA 2014), is helpful. There, in ruling on a petition for a writ of prohibition, the Fifth District implicitly recognized the voluntary dismissal of a petition to determine incapacity prior to an adjudicatory hearing. *Id.* at 575–76.

> "A party may voluntarily dismiss any claim, and such a dismissal, if accepted by the trial court, deprives the court of jurisdiction over the subject matter of the claim dismissed." *Cutler v. Cutler*, 84 So. 3d 1172 (Fla. 3d DCA 2012). The plaintiff's right to voluntarily dismiss its own lawsuit is almost absolute, with exceptions for fraud on the court and child custody. *Tobkin v. State*, 777 So. 2d 1160, 1162 (Fla. 4th DCA 2001).

*Id.* at 576.

The brother argues that our decision in *Jasser v. Saadeh*, 97 So. 3d 241 (Fla. 4th DCA 2012), prohibits the voluntary dismissal of a petition prior to an adjudicatory hearing. The dissent agrees that *Jasser* is dispositive. We disagree.

*Jasser* is distinguishable. There, the children of the alleged incapacitated person, through a professional guardian, petitioned to determine incapacity. *Id.* at 243. The petition alleged the ward suffered from Alzheimer's. *Id.* The guardian also petitioned for the appointment of an ETG. *Id.* The court appointed an attorney to represent the alleged incapacitated person and an examining committee. *Id.*

At a hearing, the court appointed the guardian as the ETG, removed the ward's rights, and delegated them to the ETG because the ward was diagnosed with Alzheimer's and in danger of financial abuse. *Id.* at 244. But, the court did not make a formal determination of incapacity. *Id.*

Three days after the guardian's appointment, the guardian's attorney and the ward's court-appointed attorney "submitted to the court an agreed order to 'settle' the guardianship," agreeing that the ward would execute a trust in lieu of a plenary guardianship. *Id.* The agreed order provided that the ward would execute the required trust, and that "[a]ll pending incapacity proceedings . . . are hereby dismissed." *Id.* at 244–45. The trial

court never dismissed the underlying ETG petition. *Id.* at 245–46.

The ward then petitioned to revoke the trust originally required by the agreed order to "settle" the guardianship, and moved for summary judgment. *Id.* The court agreed with the ward, reasoning that he lacked legal capacity to enter into the trust because of the appointment of the ETG and his transfer of his legal rights to her. *Id.* at 246–47. The court entered summary judgment setting aside the trust, from which the trustees appealed. *Id.* at 247.

On appeal, the co-trustees attacked the final judgment arguing that the agreed order was final, but not appealed, and the trial court was without jurisdiction to vacate the order because there was no incapacity petition pending. *Id.* We disagreed. *Id.*

We distinguished a voluntary dismissal from an agreed settlement and mutual dismissal. *Id.* We then discussed the importance of insuring that the person alleged to be incapacitated is protected. *Id.* at 247–48. We did not hold that a person cannot voluntarily dismiss a petition once filed.

While the policy discussion in *Jasser* supports the brother and cousin's position, the facts and issue in *Jasser* were different from this case. Here, the brother is not suffering from Alzheimer's, but has a mental health disorder, which appears controllable when properly medicated. The brother attests to that fact. Instead of proceeding with the adjudicatory hearing, the trial court sent the parties to mediation to resolve their dispute. They resolved it, and the brother did not complain about the settlement agreement until more than one year after dismissal of the petition to determine incapacity.

Although three examining committee members concluded the brother lacked capacity to contract in June 2012, the reports were never considered at a formal adjudicatory hearing. And, there was never a trial court determination that the brother was incapacitated. In fact, the brother maintained that he was NOT incapacitated.

Because our guardianship and probate rules do not prohibit a party from voluntarily dismissing a petition to determine incapacity, and section 744.311 does not mandate an adjudicatory hearing, the trial court did not err in finding the settlement agreement did not violate Florida law or public policy.

The brother and cousin next argue that the brother signed the settlement agreement under the illegal and improper threat of being

6

institutionalized. They suggest there was an issue of fact precluding summary judgment. We disagree.

To establish duress a party must prove two elements: "(1) that the act was effected involuntarily and was not an exercise of free choice or will, and (2) that this condition of mind was caused by some improper and coercive conduct by the other side." *AMS Staff Leasing, Inc. v. Taylor*, 158 So. 3d 682, 687 (Fla. 4th DCA 2015). As the trial court found, there was no evidence that the petitioner exerted any improper or coercive conduct. This agreement was reached at a mediation where all parties were represented by counsel. The court correctly found this argument lacked merit.

In their third attack on the summary judgment, the brother and cousin argue the settlement agreement is unenforceable because it has no termination date. The trial court: (1) acknowledged the agreement did not contain a terminate date; (2) examined the agreement as a whole and the surrounding circumstances; and (3) determined the agreement did not contain unequivocal language necessary to interpret it as conferring infinite duration.

"When a contract does not contain an express statement as to duration, the court should determine the intent of the parties by examining the surrounding circumstances and by reasonably construing the agreement as a whole." *City of Homestead v. Beard*, 600 So. 2d 450, 453 (Fla. 1992). "The general rule is that a contract which contains no express provision as to duration, or which is to remain in effect for an indefinite period of time, is not deemed to be perpetual, but instead may be terminated at will." *Perri v. Byrd*, 436 So. 2d 359, 361 (Fla. 1st DCA 1983). The facts giving rise to the petition to determine incapacity provided the reasonable interpretation that the settlement agreement was to terminate upon the brother's death.[1]

Because the trial court did not err in concluding that the settlement agreement was enforceable as a matter of law and there was no genuine issue of material fact, we affirm the summary judgment. We also affirm the fee award without further explanation.

---

[1] We find no merit in the last two attacks on the summary judgment: (1) finding the agreement terminable at death is not the least restrictive form of guardianship; and (2) the court erred in adopting the petitioner's proposed final judgment.

*Affirmed.*

DAMOORGIAN, J., concurs.
WARNER, J., dissents with opinion.

WARNER, J., dissenting.

I would reverse the summary declaratory judgment on the authority of *Jasser v. Saadeh*, 97 So. 3d 241 (Fla. 4th DCA 2012). I do not think that a petition for determination of incapacity may be voluntarily dismissed by a petitioner once the trial court has appointed an examining committee, unless a majority of the examining committee finds that the alleged incapacitated person is not incapacitated. *See* § 744.331(1)–(3), Fla. Stat. (2014). This is for the protection of the alleged incapacitated person, as noted in *Jasser*. 97 So. 3d at 247–48. In this case, the court permitted dismissal of the petition to determine incapacity of appellant pursuant to a settlement agreement signed by the appellant, even though he was found by the examining committee to lack the ability to contract. If the appellant was actually incompetent, then the settlement agreement would be invalid.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**