# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA
_____

Case No. 5D2025-0232
LT Case No. 27-2022-GA-118
_____

MICHAEL JOHN CRUZ,

    Appellant,

    v.

HELEN WAISHKEY and IN RE:
GUARDIANSHIP OF JAMES
VINCENT CRUZ, an alleged
incapacitated person,

    Appellee.

_____


On appeal from the Circuit Court for Hernando County.
Pamela Stinnette Vergara, Judge.

Rachel Batten, Spring Hill, for Appellant.

Brandon S. Vesely and Robert E. Biasotti, of The Florida
Appellate Firm, P.A., St. Petersburg, for Appellee.

November 21, 2025


HARRIS, J.

    Appellant, Michael John Cruz, and Appellee, Helen
Waishkey, the natural parents of James Vincent Cruz ("Vinny"),
filed a joint petition to determine the incapacity of Vinny pursuant
to chapter 744, Florida Statutes. The petition asserted that Vinny,

age 27 at that time, had been diagnosed with autism spectrum disorder, and he is non-verbal and unable to function on his own. Along with their petition to determine incapacity, the parties also filed a joint petition for appointment of a plenary guardian of the person and property of Vinny.

Several months later, Cruz filed a notice of voluntary dismissal of his portion of the joint petition for incapacity. He did not, however, dismiss his portion of the joint petition to appoint plenary guardian. Instead, he filed a petition for appointment of guardian advocate, listing himself as the proposed guardian advocate. Waishkey thereafter filed her counter-petition for appointment of a guardian advocate, listing herself as the proposed guardian advocate, alleging that she has been Vinny's primary caregiver since the parties' divorce.

Waishkey then filed a motion to dismiss for lack of jurisdiction, arguing that Vinny has resided in Arizona, not Florida, since September 2022; therefore, the court lacked jurisdiction over Vinny. Prior to her motion being heard, Waishkey voluntarily dismissed her portion of the joint petition to determine incapacity and the joint petition for appointment of plenary guardian. The court then held a hearing on the motion to dismiss for lack of jurisdiction.

After taking the matter under advisement, the court entered its order granting Waishkey's motion to dismiss, finding that because the original joint petition to determine incapacity was withdrawn by the parties, the court lost jurisdiction to consider all subsequent petitions. Relying on this Court's opinion in *Katke v. Bersche*, 161 So. 3d 574 (Fla. 5th DCA 2014), the court dismissed both petitions for appointment of a guardian advocate. Cruz appeals, arguing that the trial court never lost jurisdiction and therefore erred in dismissing the case. We agree and reverse.

Whether a trial court has jurisdiction over a case is reviewed de novo. *See Ispass v. Ispass*, 243 So. 3d 453, 455 (Fla. 5th DCA 2018). A trial court's interpretation of procedural rules and precedents are subject to de novo review. *See Toorak Cap. Partners, LLC v. Cap. Servicing Co., LLC*, 401 So. 3d 536, 539 (Fla. 2d DCA 2024).

Cruz argues that *Katke*, cited by the trial court, does not apply to the facts in this matter and that the court misinterpreted that opinion. We agree. In *Katke*, Linda Bersche filed a petition to determine incapacity for her mother, Betty Katke. 161 So. 3d at 575. The trial court appointed Bersche as the emergency temporary guardian, a position from which Bersche resigned one week later. The following day, Maria Kardos, a professional guardian unrelated to Katke, applied and was appointed as the new emergency temporary guardian. Katke filed a motion to dismiss the original petition, after which Bersche withdrew her petition by filing a "Notice of Withdrawal of All Pending Pleadings and Motions and Requests for Discovery." Subsequently, Kardos filed a second petition to determine incapacity in the same case number. Despite the withdrawal of the first petition and the court's acceptance of the withdrawal, the trial court allowed Kardos to proceed under the second petition. Upon Katke's petition for writ of prohibition, this Court determined that following the withdrawal of the only pleading then pending, the trial court lost jurisdiction over the case. We granted Katke's petition to prohibit the trial court from proceeding on Kardos' petition.

Here, the parties voluntarily withdrew their original joint petition to determine incapacity under chapter 744 to instead pursue petitions for guardian advocacy under chapter 393. At the time Cruz's petition for guardian advocacy was filed, there remained pending before the court the petition for appointment of plenary guardian. At the time Waishkey filed her guardian advocacy petition, there remained pending the plenary guardianship proceeding as well as Cruz's guardian advocate petition. Thus, unlike in *Katke*, the court never lost jurisdiction and therefore erred in dismissing the case for lack of jurisdiction.

We reverse the order of dismissal and remand for further proceedings.

3

REVERSED and REMANDED.


JAY, C.J., and EDWARDS, J., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

4