GRIMES, Judge.
The following question of law was certified to this court pursuant to Rule 4.6, F. A.R.
WHERE A PETITION FOR REMOVAL OF GUARDIAN OF THE PERSON IS FILED BY AN INDIVIDUAL WHO IS AN INTERESTED FRIEND OF THE WARD, BUT IS NOT A RELATIVE OR THE GUARDIAN OF THE WARD’S PROPERTY, AND THE GUARDIAN OF THE PERSON RESIGNS AS A RESULT OF SAID PETITION AND MATTERS BROUGHT OUT AT THE HEARINGS THEREON, AND WHERE IT IS STIPULATED THAT SUCH ACTION BY THE PETITIONER BENEFITED THE WARD, MAY THE COURT AWARD THE PETITIONER HER ATTORNEYS’ FEES UPON HER PETITIONING THE COURT FOR SUCH AN AWARD, NOTWITHSTANDING THE FACT THAT A PERSON OTHER THAN SAID PETITIONER WAS APPOINTED SUCCESSOR GUARDIAN OF THE PERSON?
The statement of facts which accompanied the certified question provided in part:
“On December 11, 1973, EDWARD MARION YOUNG, a/k/a Edward M. Young, was appointed Guardian of the person of IRIS L. DEAN, Incompetent. Thereafter, there transpired a series of conflicts and confrontations between Mr. Young and several of the Ward’s longtime friends, including the Petitioner, JO ANN DeWITT. Basically, these conflicts centered around allegations pertaining to Mr. Young’s ability to properly take care of the Ward, his motivation for seeking to become the Guardian of the person of the Ward, suspicions surrounding Mr. Young’s possession of an automobile and approximately $1,000.00 in cash which he claimed were gifts from the Ward prior to incompetency, and his continuing resistance to allowing Petitioner, as well as other long-time friends of the Ward, to visit with the Ward.
“During this period of time, subsequent to his appointment as Guardian of the person of Iris L. Dean, Mr. Young retained a total of three attorneys, each succeeding the other after the previous attorney moved to withdraw from the case. As a result of this succession of lawyers, Mr. Young incurred approximately $3,000.00 in attorneys’ fees, which, pursuant to Florida Statutes, were ultimately paid from the estate.
“That JO ANN DeWITT filed her Petition to Remove Edward M. Young as Guardian of the Person of Iris L. Dean, Incompetent, on March 22, 1974.
“Subsequent to the filing of the petition, evidentiary hearings were had at which time evidence was presented in support of the said Petition, and, also, during which time Mr. Young was himself cross-examined by Petitioner’s attor *591 ney. In the Court’s opinion, as a result of said Petition and of said cross-examination, matters were brought out which prompted and resulted in the resignation of said Guardian, Edward Marion Young, during the course of the final hearing on said Petition. Upon the tendering of said resignation, the Court entered an Order Accepting Resignation of Guardian of the Person and Appointing Successor Guardian of the Person, to-wit, Tim Moran, a disinterested person to the proceedings.”
The statement of facts further recited that the guardian of the property (who contested the awarding of attorneys’ fees in the court below) stipulated that the petitioner’s efforts had “definitely benefited both the Ward and the Ward’s estate.”
The Florida Guardianship Laws do not expressly provide for the payment of attorneys’ fees under the circumstances of this case. Thus, Fla.Stat. §§ 745.32 and 745.33 cover only the payment of the fees of attorneys employed by a guardian. Likewise, there are no Florida decisions on point. However, the Supreme Court in In Re Warner’s Estate, 1948, 160 Fla. 460, 35 So.2d 296, construed the constitutional designation in the probate court of “jurisdiction of the settlement of estates of decedents and minors” as sufficient authority to permit the court to award attorneys’ fees for representing a legatee.
In the case of In Re Sherman’s Guardianship, 1940, 42 Cal.App.2d 251, 108 P.2d 717, one Fannie Thomas petitioned for the removal of the guardian of the person and estate of Emma Sherman. After an evi-dentiary hearing the court entered an order removing the guardian and appointing a third party as the new guardian. From that order the first guardian appealed, asserting as error both her removal and the allowance of attorneys’ fees to Fannie Thomas for her efforts in the removal proceedings. On the first point the California Court of Appeal reversed because the grounds upon which the guardian had been removed were not among the statutory grounds for removal. However, the court upheld the award of attorneys’ fees as being within the sound discretion of the trial court.
It is not necessary for us to go as far as the California Court in order to affirmatively answer the certified question. The petitioner’s efforts benefited both the ward and his estate. It would be anomalous to say that attorneys’ fees beneficial to a guardian may be properly paid and at the same time deny the payment of attorneys’ fees which are beneficial to the ward for whom the guardian is appointed to serve. Courts of equity have traditionally awarded attorneys’ fees to persons, who at their own expense, have successfully maintained suits for the preservation of trust funds. 9 A.L.R.2d 1132. The fact that petitioner was not appointed as the new guardian should not preclude her from recovering her attorneys’ fees.
Our conclusion is buttressed by Rule 5.-090, PGR, which provides in part:
“(a) In probate and guardianship proceedings, costs, fees and commissions may be allowed in the discretion of the court, ordinarily abiding the result of each particular proceeding, but otherwise when it would be unjust that the losing party pay costs.
“(b) When costs and attorneys’ fees are to be paid out of the estate, the court may, in its discretion, direct from what portion of the estate they shall be paid.”
The certified question is answered in the affirmative.
McNULTY, C. J., and SCHEB, J„ concur.