DANAHY, Acting Chief Judge.
These two consolidated appeals arise from orders entered in guardianship proceedings pertaining to Katherine Metzger, incapacitated. The parties to the appeals are Frank Metzger, Katherine Metzger’s husband; First National Bank of Clear-water as guardian of the property of Kath *373 erine Metzger (the Bank); and Luitgard M. Jean, who is the daughter of Katherine Metzger and the guardian of her person.
The first appeal in point of time is from an order determining that jointly-held bank accounts of Frank Metzger and Katherine Metzger containing funds in excess of $200,000 shall remain intact and shall not be divided. Frank Metzger had previously filed a petition requesting that the joint bank accounts be partitioned so that half the funds therein would be paid to Frank Metzger and half paid to the Bank. The order in question provides that no monies shall be disbursed from the joint accounts absent an order of the trial court and that each party shall have the right to draw on said accounts upon a showing of need, as determined by the trial court. Frank Metz-ger argues that there were procedural improprieties leading up to the entry of this order and that he is entitled to partition of the accounts. We find no merit in those claims. We believe the determination of the trial court was entirely correct and we affirm the order.
The second appeal results from the fact that opposition to Frank Metzger’s petition for partition of the joint bank accounts came from Luitgard M. Jean and not the Bank. It was Mrs. Jean and not the Bank who persuaded the trial judge to enter the order determining that the joint bank accounts remain intact. It is Mrs. Jean and not the Bank who has defended that order on appeal. The issue of partition was hotly contested in the trial court and on appeal, with lengthy briefs being submitted on behalf of Frank Metzger and Mrs. Jean. The Bank filed a brief in this court containing a short statement of its position. The Bank states that when Frank Metzger filed his petition for partition, the Bank found itself “in a precarious position” and for that reason asked the trial court’s advice as to whether the joint accounts should be divided. The Bank says that in response to its petition for instruction, Frank Metzger retained counsel to assert his position that the accounts should be divided and Mrs. Jean retained counsel to assert her position that the accounts should not be divided. The Bank says that since both adversaries were represented, it was appropriate for the Bank to take the position of a stakeholder. The Bank says this position was approved by the trial court and the Bank was dismissed from the adversary proceedings. Nevertheless, the Bank adopted the arguments of Mrs. Jean on the merits of the issue whether the bank accounts should be divided.
Mrs. Jean has filed a motion for attorney’s fees in this court for an award of appellate attorney’s fees incurred by her, asserting that her efforts benefited the guardianship estate of Katherine Metzger. Mrs. Jean also filed a petition in the guardianship proceedings for an order authorizing payment of attorney’s fees and costs in the amount of $762.50 for services provided by Mrs. Jean in her capacity as guardian of the person of Katherine Metzger. This petition was objected to by the Bank but not by Frank Metzger. Additionally, Mrs. Jean filed in the trial court a petition for reimbursement of attorney’s fees and costs in the amount of $14,956.30 paid by Mrs. Jean in opposing Frank Metzger’s effort to partition the joint accounts. Both Frank Metzger and the Bank filed objections to this petition. The trial judge entered an order denying both petitions. In that order the trial judge asserted that Mrs. Jean was an interested party in the dispute over partition because she was a prospective beneficiary of the estate of Katherine Metzger and that, consequently, the services rendered by her counsel were not for the benefit of the ward or for the guardian of the person on the ward’s behalf. We reverse that order.
Attorney’s fees for services beneficial to a ward may be awarded even though those services were not rendered by the ward’s guardian. In re Guardianship of Iris L. Dean, 319 So.2d 589 (Fla. 2d DCA 1975). As we observed in that case, courts of equity have traditionally awarded attorney’s fees to persons who, at their own expense, have successfully maintained suits for the preservation of trust funds. We have no doubt that the efforts of Mrs. Jean in opposing Frank Metzger’s effort to divide the joint bank accounts conferred a *374 benefit on the guardianship estate of Katherine Metzger. We agree with Mrs. Jean that even if she was motivated by thoughts of perhaps eventually inheriting what was left in the joint accounts if her mother survived Frank Metzger, the existence of such a motive is irrelevant to the determination whether her efforts benefited the guardianship estate.
With respect to Mrs. Jean’s request for attorney’s fees and costs in the amount of $762.50 for services provided by Mrs. Jean as guardian of the person of Katherine Metzger, we can discern no reason for denial of that petition. Accordingly, we reverse the denial of that petition as well as the denial of the petition of Mrs. Jean for reimbursement from the guardianship estate of attorney’s fees and costs paid by her in opposing the petition for partition. We also grant Mrs. Jean’s motion in this court for an award of appellate attorney’s fees. We grant entitlement to such fees and direct that the amount of such fees be set by the trial judge.
Affirmed in part, reversed in part, and remanded for further proceedings.
HALL and PATTERSON, JJ., concur.