PER CURIAM.
Mildred E. Mathes (“Mathes”) appeals the trial court’s order adjudicating her to be partially incapacitated and the order appointing a limited guardian. Mathes also appeals the trial court’s denial of her request to assess costs. We reverse in part and affirm in part.
Janet Huelsman (“Huelsman”), Mathes’ daughter, filed a petition to determine Mathes’ incapacity and a petition to appoint a guardian for Mathes. Pursuant to section 744.331(3), Florida Statutes (1997), the trial court appointed the appropriate examining committee. After completing their evaluations, these three examiners each filed a report with the court. Two examiners found Mathes to have full capacity. The third examiner suggested that Mathes had limited capacity in the area of managing financial assets.
At the final hearing on the petitions, the third examiner amended his opinion after hearing other witnesses explain certain factual situations. The third examiner found that Mathes had full capacity. However, at the conclusion of the hearing, the trial judge decided that Mathes lacked capacity to care for herself and to make decisions regarding her place of residence. The trial court entered an order finding *627 limited incapacity and a separate order appointing a limited guardian.
Mathes argues that the trial court erred in entering these orders. She reasons that the trial court should have dismissed both petitions based on the examining committee members’ reports and testimony. In support of this argument, Mathes cites section 744.331(4) which reads, “If the examining committee concludes that the alleged incapacitated person is not incapacitated in any respect, the court shall dismiss the petition.”
We agree that once the examining committee concluded that Mathes had full capacity, the trial court should have dismissed the petition to determine incapacity and the petition for appointment of a guardian. See In re Keene, 343 So.2d 916 (Fla. 4th DCA 1977). Consequently, we need not address issues Mathes raises concerning the sufficiency of the evidence or the availability of less restrictive alternatives to a guardianship.
Mathes also appeals the trial court’s denial of her request to assess costs against Huelsman. Mathes argues that because Huelsman filed the petitions in bad faith, section 744.331(7) entitles her to costs. Although we reverse the trial court’s finding of limited incapacity, our review of the record suggests that the trial court did not abuse its discretion in denying the bad faith claim.
Reversed in part and affirmed in part.
BLUE, A.C.J., and FULMER and DAVIS, JJ., Concur.