CAMPBELL, Acting Chief Judge.
This appeal arises out of a guardianship proceeding in which appellant, Carl W. Cosio, the son of the guardian’s ward, was ordered to pay a portion of the guardian’s fees, attorney’s fees, and costs incurred in the guardianship proceeding. To secure those fees and costs, the order also imposed a lien on real property that appellant had purchased, with court approval, from the guardianship estate. Although this order was entered on the petition of the guardian and her attorney, the petition requested the fees and costs of the guardianship, not appellant. Because there is no statutory or contractual authority for such an order, we reverse.
Appellant is the only surviving child of Josephine A. Cosio, the ward of the guardianship estate. In the late 1980’s, appellant added his mother’s name and social security number to his stock and bank accounts. In 1991, Josephine Cosio executed a durable power of attorney in favor of appellant, who was a resident of and employed in the state of Kansas. After the death of a brother and prior to the appointment of a guardian, even though appellant lived and worked out of state, he assumed the sole responsibility of caring for his mother.
In 1993, Ms. Cosio was admitted into a skilled nursing facility. She had no assets of any substance except the equity in her home in Hillsborough County. Ms. Cosio’s monthly social security check was her only available means to make payment to her nursing home, and it was used for that purpose. Although appellant attempted, from November 1993 to September 1995, to qualify his mother for Medicaid, he was unable to do so because her name was on his investment accounts. Although he removed her name from the accounts, Ms. Cosio’s eligibility for Medicaid was denied.
In September 1995, the administrator of Ms. Cosio’s nursing facility filed a petition to determine incapacity in regard to Ms. Cosio. The petition, among other things, alleged that Ms. Cosio, age 89, was a resident of the nursing facility; that she was suffering from dementia; that she was unable to make financial and medical decisions; and that she owed the nursing facility $22,000. Ms. Cosio was determined to be incapacitated, and Barbara Boyd, a/k/a Barbara Keithley, was appointed guardian. Thereafter, considerable friction developed between appellant, Ms. Boyd as guardian of his mother, and the guardianship court. At one point, appellant petitioned for removal of Ms. Boyd as guardian, alleging that Ms. Boyd was an agent of the nursing home and that appellant, as the son of Josephine Cosio, was entitled to be appointed guardian. In subsequent proceedings initiated by Ms. Boyd, it was determined that appellant had overcome any presumption of a gift of his assets to his mother by placing her name on his accounts and that those assets were the sole property of appellant.
The following findings of “Facts,” as contained in the order on appeal, are particularly incisive and illuminating as to the conflict between appellant, the guardian, and the court:
e. From the inception of the guardianship Mr. Cosio objected to Ms. Keithly’s intervention. The guardianship file contains many letters from Mr. Cosio to the court wherein he voiced complaints and made threats to all involved. The court advised Mr. Cosio’s attorney that such action was not proper however, Mr. Co-sio continued. The guardian and her attorney sought and obtained an injunction to protect themselves from Mr. Co-sio. Mr. Cosio objected to almost every action the guardian took. Mr. Cosio petitioned the court for removal of the *136 guardian. He strongly felt that he, as Mrs. Cosio’s son and power of attorney, should be appointed guardian. He refused to cooperate with the guardian in her efforts to assure Mrs. Cosio’s continued stay at the nursing home would not be disrupted.
f. Ms. Keithly negotiated an agreement with Medicaid to obtain coverage for Mrs. Cosio while the investigation about assets was pending. Due to Mrs. Keithly’s efforts Medicaid conditionally approved the application in January 1996 that was retroactive to April 1995. By obtaining the approval Ms. Keithly acted in the best interests of the ward.
g. Ms. Keithly Petitioned the court to order Mr. Cosio to release information regarding the assets. Without Mr. Co-sio’s cooperation, his mother’s status in the nursing home continued to be in jeopardy. Meanwhile, Mr. Cosio continued to block the guardian’s efforts and provided challenges to the guardianship. After considerable time and trouble expended by Ms. Keithly and her attorney, Mr. Cosio complied with the court’s orders.
h. After much time and effort, the Court determined that the joint accounts were, in fact, only Mr. Cosio’s. Years earlier, in 1987, as a matter of safekeeping, Mr. Cosio hadü asked his mother to sign as co-owner but never intended to share his assets with her. Once that fact was finally clear Mrs. Cosio’s eligibility for Medicaid, and her status in the nursing home, were no longer in jeopardy, although some of her past debts to the nursing homes were not approved. It took many, many hours of the guardian and her attorney’s time to arrive at that point.
Even if appellant was properly determined to be an adversary party in the guardianship proceeding, and regardless of the friction and acrimony that apparently existed, attorney’s fees and costs are not available absent statutory or contractual authorization.
Section 744.108, Florida Statutes (1995), authorizes an award of guardian and attorney’s fees, but that statute clearly is directed toward an award out of the assets of the guardianship estate and not an award against third parties. While the order under appeal references an award pursuant to section 744.3715(2), Florida Statutes (1995), that statute is inapplicable inasmuch as appellant never petitioned the court for an interim review pursuant to section 744.3715(1). Neither have any allegations or findings been made that would support an award pursuant to section 57.105, Florida Statutes (1995), even if that statute was applicable.
Finding no statutory or contractual authority to support an award of guardian and attorney’s fees and costs against appellant, we reverse that portion of the order under appeal awarding such fees and costs against appellant and the assessment of a lien to secure those fees and costs.
Reversed.
ALTENBERND, J„ and DANAHY, PAUL W., (Senior) Judge, Concur.