COVINGTON, Judge.
Carole King appeals the trial court’s order granting Fergeson, Skipper, Shaw, Key-ser, Baron, and Tirabassi, P.A.’s, motion for attorney’s fees, pursuant to section 744.108(2), Florida Statutes (2002), in a guardianship proceeding involving Carole King’s mother, Thelma King. We reverse.
Carole King is one of three daughters of Thelma King. Daughter Elizabeth King-Gilliam filed the initial petition to determine the incapacity of Thelma King and for appointment of a guardian. Daughter Lynn King filed a counter-petition for appointment of a plenary guardian of person and property and an application for appointment as guardian. After the parties stipulated Thelma King was incapacitated as to property, Carole King filed a petition for appointment as guardian. The trial court determined Thelma King to be partially incapacitated as to person and totally incapacitated as to property and appointed Lutheran Services as her guardian.
Following these proceedings, the trial court awarded attorney’s fees and costs from the ward’s estate to Lynn King’s *874 attorneys, Fergeson, Skipper, “for services of benefit to the ward.” Fergeson, Skipper filed two different petitions for attorney’s fees covering its services for two different periods of the proceedings. The second petition was served on Lynn King herself and guardian Lutheran Services’ counsel but not on Carole King or her counsel.
Carole King argues that the trial court’s final order authorizing payment of attorney’s fees and expenses should be vacated because it was entered without notice to her. Carole King filed in the trial court a motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540(b)(4) on that ground. The trial court was divested of jurisdiction to proceed on the motion for relief from judgment once this court’s jurisdiction was invoked by the filing of the notice of appeal from the final judgment. See Local Consumer Enters. Corp. v. Hadley, 404 So.2d 1155, 1156 (Fla. 2d DCA 1981); Walker v. Walker, 401 So.2d 872, 873 (Fla. 2d DCA 1981).
Carole King was an active participant in the underlying litigation and thus should have been served with the petition for attorney’s fees and costs. Accordingly, we reverse the judgment for attorney’s fees and costs and remand without prejudice to Fergeson, Skipper’s renewing the motion with proper notice.
CANADY, J., Concurs.
VILLANTI, J., Concurs specially.