VILLANTI, Judge,
Specially concurring.
I fully concur in the majority’s decision to remand this case to the trial court for a new hearing with proper notice to all interested parties. I write to address the issue of entitlement to attorney’s fees because that issue is likely to arise again on remand.
Section 744.108(1) limits attorney’s fees to those incurred by “an attorney who has rendered services to the ward or to the guardian on the ward’s behalf’ and to those fees and costs “incurred on behalf of the ward.” Section 744.108(2) then lists nine factors that the trial court must consider in making an award of attorney’s fees. Nothing in either section 744.108(1) or 744.108(2) entitles a party to an award of attorney’s fees from the ward’s estate simply because that party’s position prevailed in the trial court. However, it appears from the transcript of the hearing that the trial court believed that Fergeson, Skipper’s efforts were “on behalf of the ward” because the guardian it advocated was ultimately appointed by the court. This is an improper basis for an award of attorney’s fees from the ward’s estate.
In this appeal, Fergeson, Skipper argues that the attorney’s fees in question were not awarded under section 744.108(1) but rather were awarded under the common law, which allows for an award of attorney’s fees when the attorney’s services benefitted the ward or the estate. See Metzger v. First Nat’l Bank of Clearwater, 585 So.2d 372, 373-74 (Fla. 2d DCA 1991); In re Guardianship of Dean, 319 So.2d 589, 591 (Fla. 2d DCA 1975). I see two problems with this argument. First, the trial court’s order specifically references the criteria set forth in section 744.108(2). Thus, it appears that the trial court did, in fact, consider the statute in making its award.
Second, both Metzger and Dean require that the services in question be beneficial to the ward or the ward’s estate. Metzger, 585 So.2d at 373 (allowing an award of attorney’s fees because the efforts to avoid dividing certain joint bank accounts conferred a benefit on the guardianship estate); Dean, 319 So.2d at 591 (affirming an award of attorney’s fees because the peti *875 tioner’s efforts benefitted both the ward and his estate). As noted by the majority, there is language in the order awarding fees referencing a “benefit to the ward”; however, there are no corresponding findings of fact to justify this conclusion, and there is no evidence in the record to support such a finding.
The record shows that the ward stipulated, early in the proceedings to having a guardian of her property appointed. The primary dispute amongst the ward’s children was over who that guardian should be. Lynn King initially advocated having herself appointed guardian. When her siblings objected and offered themselves as guardians, Lynn King suggested Lutheran Services as a possible guardian. Ultimately, the trial court appointed Lutheran Services. However, when seeking attorney’s fees, Lynn King offered no evidence to demonstrate how having Lutheran Services as guardian rather than some other person or entity constituted a “benefit to the ward.” Moreover, she presented no evidence to establish how having the ward’s personal rights, in addition to her property rights, removed was to the ward’s benefit. On the record before this court, I do not see how the trial court could have awarded fees on the basis that Lynn King’s efforts in getting a specific guardian appointed “benefitted the ward.”
As a general proposition, if an interested party hires an attorney to contest any aspect of an incapacity proceeding, including who should be appointed guardian, he or she does so with no assurance that the fees will be reimbursed if a guardianship is ultimately established. This is especially true in an involuntary guardianship proceeding, in which the ward usually does not consent to the hiring of attorneys for any purpose.
As the record exists now, there is no evidence that Fergeson, Skipper performed any services “on behalf of the ward” to entitle it to an award of attorney’s fees under section 744.108, nor is there any evidence that Fergeson, Skipper performed any services that benefitted the ward or her estate. Therefore, on remand, the trial court should require some evidence that the services at issue were incurred on behalf of or benefitted Thelma King or her estate before it may find that Fergeson, Skipper is entitled to an award of fees from the guardianship estate.