985 So.2d 639 (2008)
Gladys EHRLICH, Appellant,
v.
Karen SEVERSON, M.D., Francis X. Crosby, Psy.D. and Rod Sidway, Appellees.
No. 4D07-3167.
District Court of Appeal of Florida, Fourth District.
June 25, 2008.
*640 Roger C. Hurd and Robert P. Ross of Hurd, Horvath & Ross, P.A., Palm Beach Gardens, for appellant.
Warren B. Brams of Warren B. Brams, P.A., West Palm Beach, for appellees.
TAYLOR, J.
Gladys Ehrlich was the subject of a guardianship petition which was denied. She appeals an order which requires her to pay the fees of the examining committee.
Although we acknowledge that payment of the examining committee's fees should not be contingent on the outcome of the competency determination, we agree with appellant that the procedural statute for determining incapacity does not make the potential ward responsible for examining committee fees where the guardianship petition is dismissed or denied. See § 744.331(7), Fla. Stat. (2007).[1]
Reversed.
WARNER and POLEN, JJ., concur.
NOTES
[1] We note that the subject statute formerly provided for examining committee fees to be paid from "the general fund of the county in which the petition was filed." § 744.331(7)(a), Fla. Stat. (1995). However, the 1996 amendment to the statute appears to have eliminated the county's liability except in cases where the ward is indigent. This leaves a gap in responsibility for payment of the fees where a good faith petition is denied or dismissed. The Legislature needs to specify who pays the examining committees fees in this circumstance.