ORFINGER, J.
 

 In this incapacity proceeding, Scott Levine, M.D. (“Dr. Levine”), the petitioner
 
 *731
 
 below, appeals from two orders, the first dismissing his petition to determine the incapacity of his father, Norman P. Levine (“Mr. Levine”), and the second requiring that he pay the fees charged by the members of the examining committee. We affirm the trial court’s order dismissing the incapacity petition, but reverse the order requiring Dr. Levine to pay the fees of the examining committee.
 

 Dr. Levine and his sister, Bonnie Stim-mel, are Mr. Levine’s adult children. Dr. Levine filed a petition to determine his father’s incapacity. As required by statute, the trial court entered an order appointing a three-member examining committee.
 
 See
 
 § 744.331, Fla. Stat. (2008). After the examining committee members concluded that Mr. Levine was not incapacitated, Ms. Stimmel moved to dismiss the incapacity petition pursuant to section 744.331(4), which provides “[i]f a majority of the examining committee members conclude that the alleged incapacitated person is not incapacitated in any respect, the court shall dismiss the petition.” The trial court dismissed the petition and Dr. Levine now appeals.
 

 Dr. Levine contends that the language of the statute notwithstanding, he should have the right to an evidentiary hearing to challenge the opinions of the examining committee members, either individually or collectively. We disagree, as the language of the statute is clear and unambiguous. Once a majority of the examining committee concluded that Mr. Levine was not incapacitated, the trial court was correct in dismissing the petition to determine incapacity and the petition for the appointment of a guardian.
 
 See Mathes v. Huelsman,
 
 743 So.2d 626, 627 (Fla. 2d DCA 1999) (holding once examining committee concluded that alleged incapacitated person had full capacity, trial court was required to dismiss petition to determine incapacity);
 
 see also In re Keene,
 
 343 So.2d 916 (Fla. 4th DCA 1977).
 
 [1]
 

 The trial court also ordered Dr. Levine to pay the examining committee’s fees. Ms. Stimmel concedes error. While section 744.331(7)(a) allows the trial court to award members of the examining committee reasonable fees, subparagraph (c) of that section provides that the cost and attorney’s fees of a dismissed petition are to be assessed against the petitioner only if the court finds the petition to have been filed in bad faith. The court made no such finding here. We recognize that the statute has a gap in determining responsibility for payment of the examining committee fees when a good faith petition is denied or dismissed.
 
 See Ehrlich v. Severson,
 
 985 So.2d 639, 640 n. 1 (Fla. 4th DCA 2008). As did the
 
 Ehrlich
 
 court, we urge the Legislature to specify who pays the examining committee fees in this circumstance.
 

 For these reasons, the trial court’s order dismissing the petition for a determination of incapacity is affirmed. However, the order requiring Dr. Levine to pay the costs associated with the examining committee is reversed.
 

 
 *732
 
 AFFIRMED in part and REVERSED in part.
 

 SAWAYA and LAWSON, JJ., concur.
 

 [1]
 

 . Ms. Stimmel contends that if the examining committee concludes that the alleged incapacitated person is not incapacitated, there is no remedy available to the other interested parties involved in the proceeding even if the report is materially deficient. We disagree. We do not believe that the court must rely on a report from the examining committee which is materially deficient. However, rather than conducting an evidentiary hearing to test the examining committee’s report, an action that would violate the statute as discussed above, a more appropriate remedy would be for the court, or any interested party, to move to strike the report. If such a motion is granted, the court could then order a re-examination by the existing committee (or committee member) or appoint a new committee (or committee member) and order a re-examination.