WETHERELL, J.
These consolidated cases arise out of a guardianship and incapacity proceeding brought against Appellant by her children, Appellees James Marcus Faulkner, Tammy F. Gibbs, and Donna Faulkner-Rodriguez (hereafter “the children”), under Part V of Chapter 744, Florida Statutes (2010). The trial court appointed an emergency temporary guardian for Appellant, but ultimately dismissed the petition to determine incapacity. The trial court found that the petition was filed in good faith and ordered Appellant to pay the examining committee fees, as well as the fees and costs of the emergency temporary guardian, Appellee John Glassman. Appellant timely appealed the orders to this court.
We affirm without comment the trial court’s findings that the petition was filed in good faith; that the examining committee fees were reasonable; that the fees and costs awarded to Mr. Glassman were reasonable; and that Mr. Glassman’s fees and costs were properly assessed against Appellant. We write only to address Appellant’s contention that the examining committee fees should not have been assessed against her because the petition for incapacity was dismissed.
Section 744.3201 sets forth the requirements for a petition to determine incapacity. The statute allows, but does not require, a petition for appointment of a guardian or emergency temporary guardian to be filed with the petition to determine incapacity. See § 744.3201(3), Fla. Stat.; see also § 744.3031(1), Fla. Stat. (authorizing the appointment of an emergency temporary guardian prior to appointment of a guardian and after a petition for determination of incapacity has been filed). Notice of the petition to determine incapacity must be served on the alleged incapacitated person and an attorney must be appointed for the alleged incapacitated person. See § 744.331(1), (2)(b), Fla. Stat. Within five days after the petition to determine incapacity is filed, the court must appoint a three-member examining committee to examine the alleged incapacitated person to determine whether the person is incapacitated. See § 744.331(3), Fla. Stat. If the majority of the committee determines that the alleged incapacitated person is not incapacitated, the court must dismiss the petition to determine incapacity. § 744.331(4), Fla. Stat.; see also Levine v. Levine, 4 So.3d 730, 731 (Fla. 5th DCA 2009); Mathes v. Huelsman, 743 So.2d 626, 627 (Fla. 2d DCA 1999). Otherwise, the case proceeds to an adjudicatory hearing for the court to determine based on clear and convincing evidence whether the person is incapacitated. § 744.331(5)—(6), Fla. Stat.
Section 744.331 provides for the payment of the examining committee fees, as follows:
(7) FEES.—
(a) The examining committee ... are entitled to reasonable fees to be determined by the court.
(b) The fees awarded under paragraph (a) shall be paid by the guardian from the property of the ward or, if the ward is indigent, by the state....
(c) If the petition is dismissed, costs and attorney’s fees of the proceeding may be assessed against the petitioner if the court finds the petition to have been filed in bad faith.
*1169 In Ehrlich v. Severson, the Fourth District reversed an order requiring the alleged incapacitated person to pay the examining committee’s fees because “the procedural statute for determining incapacity does not make the potential ward responsible for examining committee fees where the guardianship petition is dismissed or denied.” 985 So.2d 639, 640 (Fla. 4th DCA 2008) (citing section 744.331(7), Fla. Stat.). The court noted that there was a “gap” in section 744.331(7) where a good faith petition is denied or dismissed, and it urged the Legislature to amend the statute to specify who pays the examining committee’s fees in these circumstances. Id. at 640 n. 1. Although the court did not specify the party responsible for paying the examining committee fees, the court, in a subsequent decision involving the same appellant, determined under the same statute that “any award of fees incurred by counsel appointed to represent the subject must come, if at all, from the petitioner.” Ehrlich v. Allen, 10 So.3d 1210, 1211 (Fla. 4th DCA 2009) (emphasis supplied).
In Levine, the Fifth District reversed an order requiring the petitioner to pay the examining committee fees where the petition to determine incapacity was dismissed and there was no finding that the petition was filed in bad faith. See 4 So.3d at 731. The court noted that “the statute [section 744.331(7) ] has a gap in determining responsibility for payment of the examining committee fees when a good faith petition is denied or dismissed.” Id. (citing Ehrlich ). And like the court in Ehrlich, the court in Levine urged the Legislature to address the issue. Id.
We do not disagree with Ehrlich or Levine; indeed, we agree with our sister courts that there is a “gap” in section 744.331(7) that the Legislature should address. Section 744.331(7)(b) provides that the examining committee fees are to be paid from the property of the ward, but this seems to presume that the petition for incapacity is granted and a guardian is appointed. And section 744.331(7)(c) provides that the costs of the proceeding— which, presumably, include the examining committee fees — are to be paid by the petitioner only if the court finds that the petition was filed in bad faith. The “gap” in the statute is that it does not specify who pays the examining committee fees when the petition is dismissed or denied and there is no finding that the petition was filed in bad faith or, as here, there is an express finding that the petition was filed in good faith. Requiring the petitioner to pay the fees in these circumstances would be inconsistent with section 744.331(7)(c) and requiring the guardian to pay the fee from the ward’s property under section 744.331(7)(b) would not be possible if a guardian is never appointed; however, someone has to pay the fees because section 744.331(7)(a) states that the committee are “entitled to reasonable fees” and, moreover, it is unlikely that the professionals required for the examining committee would serve if there was a risk of non-payment or if the payment was dependent upon the outcome of the proceeding. Cf. Ehrlich, 985 So.2d at 640 (acknowledging that “payment of the examining committee’s fees should not be contingent on the outcome of the competency determination”).
We need not resolve the issue in this case, however, because an emergency temporary guardian was appointed for Appellant. Thus, unlike Ehrlich, where a guardianship was apparently never established for appellant because she was characterized only as a “potential ward” (see 985 So.2d at 640) or “alleged ward” (see 10 So.3d at 1211), here, Appellant was a ward during the pendency of the incapacity proceeding because an emergency temporary guardian was appointed for her. See *1170 § 744.102(22), Fla. Stat. (defining “ward” as “a person for whom a guardian has been appointed”). The examining committee fees were incurred, and ordered, while the emergency temporary guardian had legal control over Appellant’s property and, therefore, the fees were properly assessed against her under section 744.381(7)(b). For these reasons, we affirm the trial court’s order requiring Appellant to pay the examining committee fees.
AFFIRMED.
VAN NORTWICK and ROWE, JJ., concur.