MAY, C.J.
An alleged incapacitated person (AIP) petitions this court for a writ of mandamus requiring the trial court to dismiss a petition to determine his capacity. He argues the trial court must dismiss the petition because two of the three members of a committee appointed to evaluate him have twice found him capacitated. § 744.331(4), Fla. Stat. (2010). We agree and grant the petition.
The AIP’s grandson initiated the guardianship along with his siblings. Pursuant to statute, the court appointed a committee to evaluate the AIP. The first evaluations were done before the AIP temporarily moved to Israel. In the first committee evaluation, a physician and a psychologist found him capacitated. The third member of the committee, a licensed social worker, recommended a limited guardianship. The second set of evaluations occurred after he returned from Israel. Two of those committee members, a psychologist and a registered nurse, concluded he is capacitated. The third member, a physician, recommended a limited guardian.
The AIP has repeatedly sought dismissal of the guardianship proceedings based on section 744.331(4), which states:
If a majority of the examining committee members conclude that the alleged incapacitated person is not incapacitated in any respect, the court shall dismiss the petition.
Id. (emphasis added).
The trial court denied the motion to terminate, finding the statute unconstitutional.[1] The guardianship proceedings are still pending and a conservatorship is ongoing.
In his petition, the AIP argues that section 744.331(4) requires the trial court to dismiss the petition if a majority of the examining committee members find the person is not incapacitated. The AIP’s *1054 grandson, the petitioner in the guardianship proceedings, responds that if section 744.331(4) is read literally to require dismissal based solely on two of three examining reports without judicial review, it “would violate not only basic tenets of statutory construction, but also the constitutional tenants [sic] of judicial power, procedural due process, substantive due process, and access to courts.” We agree with the AIP and grant the petition.
We have held that section 744.331(4) should be strictly construed. See In re Keene, 343 So.2d 916, 917 (Fla. 4th DCA 1977) (finding no error in the trial court’s dismissal of the petition based solely on the examining committee’s report without consideration of other evidence). “Proceedings to determine the competency of a person are generally controlled by statute and where a statute prescribes a certain method of proceeding to make that determination, the statute must be strictly followed.” Id.
Other district courts of appeal have also held that the trial court need only consider the reports of the examining committee. See, e.g., Faulkner v. Faulkner, 65 So.3d 1167, 1168 (Fla. 1st DCA 2011) (“If the majority of the committee determines that the alleged incapacitated person is not incapacitated, the court must dismiss the petition to determine incapacity.”); Levine v. Levine, 4 So.3d 730, 731 (Fla. 5th DCA 2009) (rejecting a request for an evidentia-ry hearing to challenge the opinion of the examining committee); Mathes v. Huelsman, 743 So.2d 626, 627 (Fla. 2d DCA 1999) (“[OJnce the examining committee concluded that Mathes had full capacity, the trial court should have dismissed the petition to determine incapacity and the petition for appointment of a guardian.”).
We have not overlooked the mental health history of the AIP, and understand the concerns expressed. We disagree with the other constitutional arguments raised. The statute is clear on its face. If the majority of the members of the examining committee find the person is not incapacitated, the trial court “shall” dismiss the petition. This act is ministerial. We grant the petition for writ of mandamus, and direct the trial court to dismiss the petition.

Petition granted.

STEVENSON and LEVINE, JJ., concur.

. The trial court concluded section 744.331(4) is unconstitutional because "as worded [it] results in abdication of judicial authority to two individuals of the examining committee and removes the right of the court to make the appropriate decisions for the benefit of the Alleged Incapacitated Person.” The trial court further concluded this statute "cannot delegate the Court’s authority and responsibility for decision making to a non-judicial entity and thereby summarily deny without further judicial review the rights of litigants.”