DAVIS, Judge.
Joan Nelson Hook challenges the trial court’s order setting attorney’s fees for her representation of the Guardianship of Josefa Kesish. Because the trial court’s order is not supported by competent, substantial evidence, we reverse.
Attorney Hook is a certified elder law attorney who has practiced as a member of the Florida Bar in the Sixth Circuit for eighteen years. She regularly represents guardianships as a part of her practice, often in the capacity of court-appointed counsel.
Mrs. Kesish, the seventy-two-year-old ward, sought a voluntary guardianship after she and her husband had been defrauded of more than a million dollars by an insurance company. As part of the process, she was examined by a physician, who concluded that she was competent to make the decision to request the voluntary guardianship. Paula Rego was appointed to be Mrs. Kesish’s guardian and was to represent her interests in seeking the return of the fraudulently taken funds. Attorney Hook undertook representation of the guardianship and was successful in obtaining a full refund from the insurance company without having to file a lawsuit.
Attorney Hook subsequently filed a petition for authorization of the payment of her fees. She attached to her petition her billing records, which indicated that she had expended forty-seven hours on behalf of the guardianship. She requested $250 per hour, for a total fee of $11,750. Although her records reflected time expended by paralegals, Attorney Hook did not seek compensation for paralegal time. Neither the guardian nor the ward objected to the amount requested.
The petition was referred to a court monitor, who reviewed the records and advised the trial court that Attorney Hook had done an “A+” job and that the number of hours was reasonable. However, the monitor recommended a fee of $240 an hour. Without holding a hearing, the trial court entered an order reducing the hourly rate to $200 an hour for forty-seven hours and awarding a total fee of $9400.
Attorney Hook filed a motion for reconsideration of her request, attaching her own affidavit and the affidavits of two practicing attorneys in support of her request. A hearing was then held on the motion for reconsideration.
At that hearing, Attorney Hook presented the testimony of a practicing attorney who specializes in suits against insurance companies. He testified that his firm would take such a case only on a contin *185 gency fee basis and that thus his fee would have been considerably higher than $250 an hour. He added that the $250 per hour rate was very reasonable for a board-certified attorney, especially in light of the highly favorable results Attorney Hook obtained. Attorney Hook’s second witness was a guardianship attorney who is board certified in elder law. He testified that he charges $250 an hour or more for such work.
Attorney Hook then testified that her standard rate is $250 an hour and that she has been charging that rate since she became board certified in elder law in 1999.
Following the hearing, the trial court entered an order denying the motion for reconsideration and affirming the prior authorization of $200 an hour for forty-seven hours. This was error.
“[A]n attorney who has rendered services to the ward or to the guardian on the ward’s behalf, is entitled to a reasonable fee for services rendered.” § 744.108(1), Fla. Stat. (2010). Section 744.108(2)(a)-(i) sets forth the criteria that the court shall consider in determining a reasonable attorney’s fee, including but not limited to “[t]he time and labor required,” “[t]he fee customarily charged in the locality for similar services,” “[t]he results obtained,” and “[t]he experience, reputation, diligence, and ability of the person performing the service.” And the order awarding fees “must set forth the basis for the award, including [ (1) ] the hours determined to be compensable, [ (2) ] the hourly rate, and [(3)] the other factors considered in arriving at the award.” Thorpe v. Myers, 67 So.3d 338, 346 (Fla. 2d DCA 2011); see also Simhoni v. Chambliss, 843 So.2d 1036, 1037 (Fla. 4th DCA 2003) (“[A]n award of attorney’s fees must ... contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved.”), cited in Thorpe, 67 So.3d at 346. Only the reasonableness of the hourly rate is at issue here.
Although the determination of a reasonable hourly rate is left to the discretion of the court, there must be competent, substantial evidence to support the award. Cf In re Guardianship of Sitter, 779 So.2d 346, 348 (Fla. 2d DCA 2000) (“The amount of a guardian fee is entrusted to the discretion of the circuit court, and its determination will not be disturbed unless there is a lack of competent substantial evidence to support the award.”). The order entered in this case fails to set out the considerations that resulted in the trial court’s reduction of the only fee established by the evidence presented.
A review of the instant record, however, indicates some of the factors that apparently influenced the trial court’s determination that $200 per hour is a reasonable rate in the local legal community for guardianship work. First, during the hearing, the trial judge made reference to the “local rules” on guardianship attorney’s fees. Although it is unclear to what local rules he was referring, there is a 2006 administrative order in place in Pasco County that sets the fees for court-appointed attorneys in guardianships for solvent wards. By administrative order no. 2006-041 PA/PI-CIR, a court-appointed attorney is authorized to petition for fees up to $175 per hour to be paid by a solvent ward. However, Attorney Hook was not a court-appointed attorney; she was privately retained. Additionally, neither the guardian nor the ward opposed her specific fee request.[1]
*186 Second, the trial judge indicated that he did not view Attorney Hook’s success in obtaining the refund to be significant: “I was in a lot of estate planning. I’ve had several cases like this. Every one of them was successful because of the fact the insurance company did not want their name in the paper that one of their agents had sold something.”
Additionally, the trial judge asked Attorney Hook some follow-up questions regarding her testimony. On direct, Attorney Hook testified that she previously had been involved in a guardianship case wherein the same trial judge had awarded an attorney $240 an hour. Regarding that testimony, the court asked Attorney Hook if she was aware that the other attorney was first admitted to the Florida Bar in 1979, was certified in wills and trusts, and was a graduate of Columbia University. Finally, the trial judge inquired of Attorney Hook as follows: “Do you also know that before I got up here that the fee[ ] for certified attorneys was $200 per hour?”
None of these factors are competent evidence upon which the trial court could determine a reasonable hourly rate for the work Attorney Hook rendered. See United States v. Berber-Tinoco, 510 F.3d 1083, 1091 (9th Cir.2007) (“A trial judge is not a competent witness to such factual issues. Nor can the judge take judicial notice of such issues. A trial judge is prohibited from relying on his personal experience to support the taking of judicial notice.” (citation omitted) (internal quotation marks omitted)); see also Hale v. Shear Express, Inc., 946 So.2d 94, 96 (Fla. 1st DCA 2006) (stating that a reduction of the requested fee is an abuse of discretion if “based on the judge’s subjective belief and personal experience”).
Instead, the only evidence before the court — the testimony of Attorney Hook and her two expert witnesses — indicated that $250 per hour was a reasonable rate in the community for the work performed. “[A] ruling that is unsupported by the record constitutes a clear abuse of discretion.” Moore v. Gillett, 96 So.3d 933 (Fla. 2d DCA 2012).
Because we conclude that the trial court abused its discretion in awarding $200 per hour, we reverse the order and remand for the entry of an amended order awarding a fee of $250 per hour for the forty-seven hours found to be reasonable.[2]
Reversed and remanded.
SILBERMAN, C.J., and WALLACE, J., Concur.

. At the hearing, the trial court questioned whether the ward had the ability to make such a decision. However, this was a voluntary guardianship which by its nature re *186 quires a finding that the ward is mentally competent to transfer authority over her business decisions to the guardian on a voluntary basis. See Fla. Prob. R. 5.552.

. We note that the attorney representing Attorney Hook at the hearing, the attorneys testifying at the hearing, and appellate counsel have all provided services without seeking compensation.