BLACK, Judge.
This matter arises from an involuntary guardianship proceeding to determine the incapacity of Mary Klatthaar. Mark Scott, represented by Pamela Keller, filed a petition to determine incapacity and a petition for appointment of an emergency temporary guardian with respect to Ms. Klatth-aar, his aunt. Thereafter, the circuit court entered an order appointing Michael McGarry to represent Ms. Klatthaar pursuant to section 744.331(2)(b), Florida Statutes (2011), and an order appointing a three-member examining committee pursuant to section 744.331(3)(a). The circuit court denied the petition for appointment of an emergency temporary guardian. Prior to a final determination of incapacity, Ms. Klatthaar died, and the petition to determine incapacity was dismissed.
Mr. McGarry and Ms. Keller petitioned the circuit court for attorney’s fees and costs; Ms. Keller also petitioned for fees on behalf of the examining committee. Following a hearing, the circuit court rendered amended orders awarding fees and costs to Mr. McGarry, Ms. Keller, and the three examining committee members, payable from Ms. Klatthaar’s estate.
Marion Yazdzik, the personal representative of Ms. Klatthaar’s estate, challenges the circuit court’s amended orders awarding fees and costs. Ms. Yazdzik argues that the circuit court erred in awarding fees and costs and directing said fees and costs to be paid from the estate of Ms. Klatthaar because a guardianship was never established. Because sections 744.108 and 744.331 do not contemplate the pay *484 ment of fees and costs from an alleged incapacitated person where a guardianship is not established, we agree and reverse. As this issue is dispositive, we withhold comment on the other issues raised by Ms. Yazdzik on appeal.
I. Discussion
Ms. Yazdzik argues that the circuit court committed legal error in its interpretation and application of sections 744.108 and 744.331 when it imposed liability for the payment of attorneys’ fees and costs and examining committee’s fees on the estate of Ms. Klatthaar. We review de novo the circuit court’s rulings on entitlement to fees based on its interpretation of relevant statutes. See Thorpe v. Myers, 67 So.3d 338, 342 (Fla. 2d DCA 2011). ‘“[WJhen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.’ ” In re Guardianship of J.D.S., 864 So.2d 534, 538 (Fla. 5th DCA 2004) (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)). “ ‘Proceedings to determine the competency of a person are generally controlled by statute and where the statute prescribes a certain method of proceeding to make that determination, the statute must be strictly followed.’ ” Rothman v. Rothman, 93 So.3d 1052, 1054 (Fla. 4th DCA 2012) (quoting In re Keene, 343 So.2d 916, 917 (Fla. 4th DCA 1977)).
A. Section 744.331, Procedures to Determine Incapacity
Section 744.331(7)(a) entitles the examining committee and the court-appointed attorney for the alleged incapacitated person to reasonable fees once incapacity is determined and a guardian is appointed. See § 744.331(7)(b) (“The fees awarded under paragraph (a) shall be paid by the guardian from the property of the ward or, if the ward is indigent, by the state.”); see also § 744.102(9) (defining “guardian” as “a person who has been appointed by the court to act on behalf of the ward’s person or property, or both”), 744.102(22) (defining “ward” as “a person for whom a guardian has been appointed”). Furthermore, in the event that the petition for incapacity is dismissed, as it was here, section 744.331(7)(c) controls and provides that “costs and attorney’s fees of the proceeding may be assessed against the petitioner if the court finds the petition to have been filed in bad faith.” See Ehrlich v. Allen, 10 So.3d 1210, 1211 (Fla. 4th DCA 2009) (holding that where the petition for incapacity is dismissed, “any award of fees incurred by counsel appointed to represent the subject must come, if at all, from the petitioner”); Ehrlich v. Severson, 985 So.2d 639, 640 (Fla. 4th DCA 2008) (“[TJhe procedural statute for determining incapacity does not make the potential ward responsible for examining committee fees where the guardianship petition is dismissed or denied.”). The circuit court did not find that the petitioner filed the petition in bad faith.
As the First, Fourth, and Fifth Districts have noted in prior opinions, there is a gap in section 744.331(7) as to the delegation of responsibility for the payment of fees of the court-appointed attorney and the examining committee when a good faith petition is dismissed. See Faulkner v. Faulkner, 65 So.3d 1167, 1169 (Fla. 1st DCA 2011); Allen, 10 So.3d at 1211; Levine v. Levine, 4 So.3d 730, 731 (Fla. 5th DCA 2009); Severson, 985 So.2d at 640. Though section 744.331(7)(a) specifically entitles court-appointed attorneys and examining committee members to reasonable fees, said fees cannot' be paid by the guardian from the ward’s property pursu *485 ant to section 744.381(7)(b) if a guardian is never appointed.
We recognize the same concern raised by the First District in Faulkner, that practitioners would be less inclined to offer their services to the court if there was a possibility that they would not be paid or if payment otherwise depended upon the outcome of the proceeding. See 65 So.3d at 1169 (quoting Severson, 985 So.2d at 640 (“[P]ayment of the examining committee’s fees should not be contingent on the outcome of the competency determination.”)). Nonetheless, we agree with our sister courts that it is for the legislature to determine who is responsible for the payment of fees for the court-appointed attorney and examining committee in this situation. See Holly, 450 So.2d at 219 (“[Cjourts of this state are “without power to construe an unambiguous statute in a way which would extend ... its express terms.... To do so would be an abrogation of legislative power.’ ” (quoting Am. Bankers Life Assurance Co. of Fla. v. Williams, 212 So.2d 777, 778 (Fla. 1st DCA 1968))). This does not appear to be a situation where a departure from the strict reading of the statute, namely, determining that the alleged incapacitated person or the estate thereof is responsible for these fees, would be sanctioned. See id.; Rothman, 93 So.3d at 1054. It seems inappropriate to assess Ms. Klatthaar’s estate with attorneys’ fees and examining committee’s fees, especially since she contested the petition.
Unlike in the cases cited above, this case involved the dismissal of a petition for incapacity due to the death of the alleged incapacitated person. Cf. Allen, 10 So.3d at 1211; Levine, 4 So.3d at 731; Severson, 985 So.2d at 640. However, we see no distinction in the statute for cases where the petition was dismissed due to the death of the alleged incapacitated person prior to a determination of incapacity. See § 744.331(7)(c) (addressing the responsibility of fee payments in situations where a petition is dismissed without further clarification as to the nature of the dismissal). As such, the attorneys and the examining committee are not entitled to fees and costs under section 744.331(7).
B. Section 744.108, Guardian’s and Attorney’s Fees and Expenses
We next turn our attention to section 744.108. Section 744.108(1) entitles “[a] guardian, or an attorney who has rendered services to the ward or to the guardian on the ward’s behalf, ... to a reasonable fee for services rendered and reimbursement for costs incurred on behalf of the ward.” Based upon a strict reading of the statute, see Rothman, 93 So.3d at 1054, an attorney is only entitled to fees under section 744.108 in situations where a guardian has been appointed to a ward, see generally Severson, 985 So.2d at 640 (noting that section 744.331(7) is “the procedural statute for determining incapacity”). Again, since a guardianship was never established and a guardian was thus not appointed, section 744.108 is not triggered in this case. See State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 832 (Fla.1993) (“This Court has followed the ‘American Rule’ that attorney’s fees may be awarded by a court only when authorized by statute or by agreement of the parties.”); In re Guardianship of Cosio, 753 So.2d 134, 136 (Fla. 2d DCA 2000) (“[A]ttorney’s fees and costs are not available absent statutory or contractual authorization.”).
We find further support for the contention that such fee awards are not permitted in the language of section 744.108 itself. Namely, in various subsections of section 744.108, the term “incapacitated person” is used; not once is the term “alleged incapacitated person” referenced. *486 See, e.g., § 744.108(2)(e), (h). Additionally, section 744.108(6) provides that “[a] petition for fees or expenses may not be approved without prior notice to the guardian and to the ward, unless the ward is a minor or is totally incapacitated.” The attorneys clearly could not provide notice as required because there was never a ward or a guardian. Further, the one underlying consistency in the case law pertaining to fee awards under section 744.108 is that the alleged incapacitated person was adjudicated as such, thus becoming a ward, and a guardian was appointed to the ward. See, e.g., In re Guardianship of Kesish, 98 So.3d 183 (Fla. 2d DCA 2012); In re Guardianship of Ansley, 94 So.3d 711 (Fla. 2d DCA 2012); Thorpe, 67 So.3d 338; King v. Fergeson, Shaw, Keyser, Baron, & Tirabassi, P.A., 862 So.2d 873 (Fla. 2d DCA 2003); In re Guardianship of Dean, 319 So.2d 589 (Fla. 2d DCA 1975). In his special concurrence in King, Judge Villanti noted:
As a general proposition, if an interested party hires an attorney to contest any aspect of an incapacity proceeding, ... he or she does so with no assurance that the fees -will be reimbursed if a guardianship is ultimately established. This is especially true in an involuntary guardianship proceeding, in which the ward usually does not consent to the hiring of attorneys for any purpose.
King, 862 So.2d at 875. It is apparent that for reimbursement of fees even to be contemplated under section 744.108, a guardianship must ultimately be established.
II. Conclusion
In sum, section 744.108 clearly applies only to circumstances where a guardianship has been established. Section 744.331 appears to be the only applicable section to this case as it governs procedures to determine incapacity. As the law currently stands, when a petition is dismissed for any reason, fees and costs may be assessed against the petitioner under section 744.331(7) if the petition was filed in bad faith. See § 744.331(7)(c). There is otherwise no provision made regarding the liability for fees and costs in the event a petition is dismissed. Chapter 744 simply does not contemplate the payment of fees and costs from an alleged incapacitated person absent the establishment of a guardianship.
The circuit court’s amended orders awarding fees and costs to be paid from the alleged incapacitated person’s estate are reversed. We join our sister courts and urge the legislature to address the gap in the statute by specifying who pays the attorney’s fees and the examining committee’s fees in this situation.
Reversed.
ALTENBERND and WALLACE, JJ„ Concur.