CHRISTOPHER C. SABELLA, Associate Judge.
This matter arises from involuntary guardianship and incapacity proceedings pertaining to John Steiner and Joan Steiner, husband and wife. In good faith, their children, Margaret Steiner and Robert Steiner, each individually represented by counsel, filed incapacity and guardianship proceedings with respect to each of John and Joan Steiner. Subsequently, under section 744.331(2)(b), Florida Statutes (2013), the trial court appointed Michael Snively to represent John Steiner and Jacob Reiver and Michael Kouskoutis to represent Joan Steiner in their respective guardianship and incapacity proceedings. A court-appointed examining committee conducted incapacity proceedings and determined that John Steiner and Joan Steiner were not incapacitated. Thus the trial court dismissed the various incapacity and guardianship petitions, and no guardianship was ever placed over either of the Steiners’ property.
During the pendency of the proceedings, Mr. Snively, Mr. Reiver, and Mr. Kouskoutis each petitioned the court for attorney’s fees under section 744.331. Ultimately, the trial court entered orders authorizing the payment of the attorney’s fees requested by each of the three court-appointed attorneys and an order determining responsible party, mandating that John Steiner and Joan Steiner each pay the fees owed to their respective attorneys.
The Steiners challenge the trial court’s final order awarding fees and order determining responsibility to pay. The Steiners assert that because guardianship was never established and they were never determined to be incapacitated, the trial court committed reversible error when it imposed liability for the attorney’s fees. Additionally, the Steiners contend that the trial court erred in failing to give them notice and an opportunity to be heard before it entered its final order. Finally, the Steiners argue that the trial court erred in failing to make specific findings that the court-appointed attorney’s services actually benefited the clients, as is required by section 744.108. “Because sections 744.108 and 744.331 do not contemplate the payment of fees and costs from an alleged incapacitated person where a guardianship is not established,” we agree that the Steiners are not Hable for the payment of the attorney’s fees and we reverse. See In re Guardianship of Klatthaar, 129 So.3d 482, 483-84 (Fla. 2d DCA 2014). Because this issue resolves the other concerns raised by the Steiners, we withhold comment on the remaining issues raised on appeal.
I. Discussion
Initially, we note that when the trial court entered its order authorizing attorney’s fees and directing the Steiners to pay their court-appointed attorneys, it did not have the benefit of Klatthaar. However, in Klatthaar this court determined that chapter 744 does not require the alleged incapacitated person to pay fees and costs where the petition to determine guardianship and incapacity is brought in good faith but incapacity is not found and guardianship is not established. 129 So.3d at 486. Klatthaar is controlling in the instant case, and as such, the orders directing the Steiners to pay attorney’s fees must be reversed.
Although Klatthaar is dispositive and there remain no residual issues to be *255 addressed in this case, we write to emphasize the importance of correcting the statutory gap that gives rise to the issues presented. Under section 744.331, which governs procedures to determine incapacity, the court is required to appoint an attorney for any alleged incapacitated person against whom incapacity proceedings are brought, as well as an examining committee commissioned to determine incapacity. § 744.331(2)(b), (3)(a). “The examining committee and any attorney appointed under subsection (2) are entitled to reasonable fees to be determined by the court.” § 744.331(7)(a). “Section 744.331(7)(a) entitles the examining committee and the court-appointed attorney for the alleged incapacitated person to reasonable fees once incapacity is determined and a guardian is appointed” Klatthaar, 129 So.3d at 484 (emphasis added). Generally, the fees are to be “paid by the guardian from the property of the ward or, if the ward is indigent, by the state.” § 744.331(7)(b). However, if the petition for incapacity is dismissed, as it was in the instant case, “costs and attorney’s fees ... may be assessed against the petitioner if the court finds the petition to have been filed in bad faith.” See § 744.331(7)(c).
But as we observed in Klatthaar — as the First, Fourth, and Fifth Districts have previously noted — section 744.331(7) is silent as to who is responsible for paying the court-appointed attorney’s fees and the examining committee’s fees when a good-faith petition is dismissed. See Klatthaar, 129 So.3d at 484; Faulkner v. Faulkner, 65 So.3d 1167, 1169 (Fla. 1st DCA 2011); Ehrlich v. Allen, 10 So.3d 1210, 1211 (Fla. 4th DCA 2009); Levine v. Levine, 4 So.3d 730, 731 (Fla. 5th DCA 2009); Ehrlich v. Severson, 985 So.2d 639, 640 (Fla. 4th DCA 2008). This is the predicament the trial court in this case found itself in when faced with a request for fees from the court-appointed attorneys. Though court-appointed attorneys are clearly entitled to fees under section 744.331(7)(a), if guardianship is not established such fees cannot be paid out of the ward’s estate as contemplated in section 774.331(7)(b). Klatthaar, 129 So.3d at 484-85. Furthermore, although section 774.331(7)(c) is controlling in the event of a dismissal, it only addresses who pays the attorney’s fees when the petition was brought in bad faith. § 774.331(7).
Because section 744.331 does not address situations wherein good faith incapacity petitions are ultimately dismissed, court-appointed attorneys are left with a right without a remedy. This puts the trial court in a bind as it is forced to appoint attorneys and examining committees knowing that if a petition is brought in good faith but is ultimately dismissed, the attorneys will not be paid. Similarly, recognizing the risks associated with court appointment in incapacity and guardianship proceedings, attorneys will be hesitant to make themselves available for such appointment. See Klatthaar, 129 So.3d at 485 (“[P]raetitioners would be less inclined to offer their services to the court if there was a possibility that they would not be paid or if payment otherwise depended upon the outcome of the proceeding.” (citing Faulkner, 65 So.3d at 1169)).
While we and our sister courts are troubled by the statutory gap in section 744.31, and even more so by its implications, it is not within the judiciary’s power to remedy the problem. See Velez v. Miami-Dade Cnty. Police Dep’t, 934 So.2d 1162, 1164-65 (Fla.2006) (“[W]e are ‘without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power.’ ” (quoting McLaughlin v. State, 721 So.2d 1170, 1172 *256 (Fla.1998))). While it is apparent that section 744.81 does not require the Steiners to pay their court-appointed attorneys’ fees, “it is for the legislature to determine who is responsible” to pay them. See Klatthaar, 129 So.3d at 485.
We do note that the Florida Legislature has introduced an amended version of section 744.831. See S.B. 366, 117th Leg. (Fla.2015); C.S./C.S./H.B. 5, 117th Leg. (Fla.2015). Under these bills, if a petition for incapacity is dismissed, “the fees of the examining committee shall be paid upon court order as expert witness fees under s. 29.004(6).” S.B. 366; C.S./C.S./H.B. 5. Section 29.004(6), Florida Statutes (2014), provides that the state shall be responsible for paying the costs associated with court-appointed expert witnesses. The proposed amendment also provides that if the court finds the petition was brought in bad faith, “the petitioner shall reimburse the state courts system for any amounts paid” for the fees of the examining committee. S.B. 366; C.S./C.S./H.B. 5. Thus it appears that the legislature is proposing that when a good-faith petition is dismissed, examining committee fees shall be paid by the state but that if the court finds that the dismissed petition was brought in bad faith, the petitioner will be responsible for those fees.
However, although section 744.331(7) pertains to the payment of fees to both examining committees and court-appointed attorneys, the proposed legislation makes no explicit recommendations as to who is responsible for paying the latter when a good-faith petition is dismissed. S.B. 366; C.S./C.S./H.B. 5. It appears to the court that passing and implementing the same proposed legislation with respect to both examining committee fees and attorney’s fees would be a reasonable resolution of the problem. But until such legislation is passed, the trial court and attorneys volunteering their services to the court will continue to find themselves in a conundrum regarding incapacity and guardianship proceedings.
II. Conclusion
As we concluded in Klatthaar, “[e]hap-ter 744 simply does not contemplate the payment of fees and costs from an alleged incapacitated person absent the establishment of a guardianship.” 129 So.3d at 486. The trial court’s final order awarding fees and order determining responsible party are thus reversed. Additionally, because of both the immediate and potential long-term implications of the gap in section 744.331(7), we again urge the legislature to address the statutory gap by clarifying which party is responsible for paying the attorney’s fees in this situation.
Reversed.
CASANUEVA and CRENSHAW, JJ., Concur.